40378. WHALEN, Guardian v. CERTAIN-TEED PRODUCTS CORPORATION et al.

DECIDED NOVEMBER 4, 1963—
REHEARING DENIED NOVEMBER 19, 1963.

*John R. Calhoun, Frank R. Cullum,* for plaintiff in error.

*Oliver & Maner, Connerat, Dunn, Hunter, Houlihan & Maclean, Stanley W. Feiler, E. Ormonde Hunter, Kennedy & Sognier, John W. Sognier, Lawton, O'Donnell, Sipple & Chamlee, Julian C. Sipple, Robert A. Cronin, Allyn M. Wallace,* contra.

FELTON, Chief Judge. It is conceded that the second action was filed more than six months from the dismissal of the first action and more than two years from December 1, 1960, the date of the appointment of the plaintiff in error as guardian. The trial judge, in his order dismissing the petition, stated that it was his opinion that the statute of limitation began to run on December 1, 1960, the date of the appointment of the guardian. We are unable to agree with the trial judge's reason for dismissing the action. *Code* § 3-808, which provides that a second action may be brought within six months from the dismissal of a prior action, does not apply so long as the statute of limitation has not attached. *Williford v. State,* 56 Ga. App. 840 (194 SE 384); *Hackney v. Asbury & Co.,* 124 Ga. 678 (52 SE 886). *Code* § 3-801 provides: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." We think that the question has been definitely and conclusively settled that as to a minor, the appointment of a guardian does not operate to start the statute of limitation running against the minor or the guardan in cases where the title to the cause of action is in the minor. *Wingfield v. Virgin,* 51 Ga. 139 (1); *Monroe v. Simmons,* 86 Ga. 344 (12 SE 643) and cases cited; *Grimsby v. Hudnell,* 76 Ga. 378 (2 ASR 46); *Nelson*

*v. Estill,* 190 Ga. 235, 243 (9 SE2d 73). See also *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654).

Since all the parties enumerated in *Code* § 3-801 are in the same class, it follows that the law applicable to a minor is equally applicable to the other classes of persons enumerated.

The court erred in sustaining the pleadings of the defendants which raised the question of the statute of limitation and in dismissing the action.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*