## 62819. EUBANKS et al. v. BUSINESS EQUIPMENT CENTER OF ATLANTA, INC.

BIRDSONG, Judge.

Slip and Fall. Frank L. Eubanks was a driver for Georgia Highway Express. On the day of his injury, he delivered several packages to the business premises of appellee Business Equipment Center of Atlanta (BEC). Eubanks was driving a tractor trailer. He backed his truck up to the loading dock of BEC. The loading dock was a flat cement slab that extended, altogether including a wooden beam (bumper) attached to the edge of the slab, approximately fourteen inches from the back wall of the building. At the back edge of the slab, in the wall, was a folding door that lifted to allow freight to be placed inside the building over the loading dock. Eubanks parked his truck at a slight angle with one edge of the truck against the left edge of the wooden bumper. Because of the angle the opposite (right) end of the loading dock was about twelve inches from the rear of the truck. Eubanks gained entrance to the building by mounting steps to a platform (porch) at the rear of the building about thirty inches to the right side of the loading dock, and entering through a rear door. The stock clerk of BEC opened the freight door of the building, thus allowing Eubanks to step out onto the fourteen-inch loading dock and to open the folding door at the back of Eubank's trailer. Eubanks unloaded the several cartons and placed them inside the building and obtained the signature of the shipping clerk. Eubanks then stepped back onto the loading platform and into his truck to ascertain the address of his next delivery. According to Eubanks while he was inside his truck, the shipping clerk closed the freight door thus leaving a space of about fourteen inches between the back of the truck and the wall of the building. Eubanks attempted to gain the attention of the shipping clerk but was unable to do so. He then had the option of descending from the back of his truck to the ground between the twelve-inch gap (caused by the angle of parking) between the rear of his truck and the loading dock or to step onto the loading dock and then take a thirty-inch step from the loading dock to the porch which was to the right of the loading dock and then down the steps to the ground. Because of some debris on the ground beneath his truck, Eubanks elected to step to the loading dock and then to the porch. He stepped with his right foot to the dock and then with his left foot to the porch. As he shifted his weight to move his body from the dock to the porch, Eubanks' left foot slipped or gave way off the porch and he fell against the porch and then to the ground, breaking his wrist and nose. Eubanks brought this complaint against BEC seeking appropriate damages, and Mrs. Eubanks sought damages for loss of

consortium. At the conclusion of all the evidence, the trial court directed the jury to return a verdict for BEC. Eubanks brings this appeal enumerating the directed verdict as the sole ground of error. *Held:*

Eubanks argues that the proximate cause of his injury was the negligent act of BEC's employee in closing the freight dock door, thus denying him normal egress from the building and forcing him to dismount from his truck either on top of obstructions or to step from the dock to a porch in a manner obviously which was not designed as a means of exit. BEC counters that the act of closing the door left the situation passive and that the actual cause of the injury was Eubanks' election to step across the thirty-inch space and negligently planting his foot so that his foot slipped off the porch thereby causing him to fall and injure himself.

In this state, proximate cause has been defined as that negligence which is the sole cause of injury, or that negligence which puts into operation other causal forces which are the direct, natural and probable consequences of the original act of negligence, or that the intervening negligence could reasonably have been foreseen by the original wrongdoer. *Stern v. Wyatt,* 140 Ga. App. 704, 705 (1) (231 SE2d 519). The mere fact that Eubanks' injuries would not have been sustained had only BEC's act of negligence occurred will not of itself operate to constitute Eubanks' negligence the sole proximate cause. *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 157 (1) (B) (256 SE2d 916). There may be more than one proximate cause of an injury. *Shermer v. Crowe,* 53 Ga. App. 418 (3) (186 SE 224). It is no defense to an action for an injury resulting from negligence that intervening negligence contributed to cause the injury, if the negligence of BEC was an efficient cause without which the injury would not have occurred. *Ponder v. McKinzie,* 89 Ga. App. 846, 850 (81 SE2d 551); *Callahan v. Cofield,* 61 Ga. App. 780, 782 (7 SE2d 592); *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161, 173 (59 SE 442). "[I]f the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question." *Perry v. Lyons,* 124 Ga. App. 211, 216 (183 SE2d 467).

In this case, BEC's employee was aware or should have been aware that Eubanks was in the back of his truck. The jury might be authorized to find that when the employee closed the freight door to the building, he should reasonably have known or anticipated that a truck backed up against the loading dock would force the driver to drop to the ground, if possible at all, through a narrow space, or alternatively step across to the back porch, a form of exit which was

not designed for normal egress. Whether it was reasonably foreseeable that injury might occur in either manner of dismounting from the truck, we conclude, was appropriately a matter for a jury to determine. For these reasons, we hold it was error for the trial court to remove the issue from the jury and to direct a verdict for appellee. *Sunset Villa v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463); *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556).

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 8, 1982.

*J. E. B. Stewart,* for appellants.
*I. J. Parkerson,* for appellee.