## 42106. CURTIS v. COBB COUNTY.
(333 SE2d 595)

PER CURIAM.

On June 27, 1983, Rhonda Curtis was involved in an automobile accident on Bells Ferry Road in Cobb County. This accident resulted in personal injuries to Curtis as well as property damage to her car. On the day of the accident, Cobb County was engaged in road work on Bells Ferry Road.

Curtis brought suit against the county to recover personal and property damages that she allegedly suffered as a result of the accident. In Count One of her complaint, Curtis alleged that the county was negligent in not posting signs warning of the construction hazard ahead. She also contended that the road work raised clouds of dust which blocked her vision and contributed to the accident. In Count Two of her complaint, Curtis alleged that the dust clouds caused by the road work constituted a continuing nuisance maintained by the county. As to both counts, Curtis alleged that Cobb County waived its sovereign immunity by providing liability insurance to cover claims like hers. Cobb County stipulated that it held liability insurance at the time of the accident, but contended that this had no effect on its sovereign immunity. The trial court dismissed both counts of Curtis' complaint, holding that sovereign immunity barred the action in spite of the existence of Cobb County's liability insurance. Curtis appeals.

Curtis contends that the trial court erred in dismissing both the negligence and nuisance counts of her complaint because the county waived its sovereign immunity in accordance with 1983 Ga. Const., Art. I, Sec. II, Par. IX. We agree. Art. I, Sec. II, Par. IX of the Georgia Constitution states: "the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided." We have held that the provisions of this paragraph apply to counties. *Toombs County v. O'Neal,* 254 Ga. 390 (330 SE2d 95) (1985). Accordingly, we

find that Cobb County waived its sovereign immunity by providing liability insurance, and therefore that the superior court should not have dismissed the negligence and nuisance claims.

*Judgment reversed. All the Justices concur, except Weltner, J., who concurs in the judgment only, and Marshall, P. J., and Bell, J., who dissent.*

BELL, Justice, dissenting.

For the reasons stated in Presiding Justice Marshall's dissent in *Toombs County v. O'Neal,* 254 Ga. 390, 393 (330 SE2d 95) (1985), I respectfully dissent from this judgment.

I am authorized to state that Presiding Justice Marshall joins in this dissent.

DECIDED SEPTEMBER 5, 1985.

*Adele P. Grubbs,* for appellant.
*Drew, Eckl & Farnham, Theodore Freeman,* for appellee.