42459. THIGPEN et al. v. McDUFFIE COUNTY BOARD OF EDUCATION.
(335 SE2d 112)

PER CURIAM.

A six-year-old student at an elementary school operated by the McDuffie County Board of Education fell from a slide on the playground and suffered injuries. His parents brought on his behalf an action in negligence against the school board, which defended on the ground of governmental immunity, and specifically, OCGA § 20-2-992. It is uncontradicted that at the time of the incident there was in effect a policy of liability insurance.

The trial court ruled for the board, and the child's parents appeal, contending that any governmental immunity which otherwise might apply to the board was waived to the extent of insurance coverage provided, pursuant to the authority of Art. I, Sec. II, Par. IX of the Constitution of Georgia of 1983, which provides, in part, that "Sovereign immunity extends to the state and all of its departments and agencies. However, the defense of sovereign immunity . . . is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided."

OCGA § 20-2-992 cannot be effective to preserve sovereign immunity when the Constitution itself has waived it.

In *Toombs County v. O'Neal,* 254 Ga. 390, 392 (330 SE2d 95) (1985), we held that, for purposes of the above-cited provision of the Constitution, a county is included within the definition of "the state and any of its departments and agencies." On that authority, we hold that the McDuffie County Board of Education likewise is included.

Accordingly, the existence of liability insurance protection constitutes a waiver of governmental immunity *pro tanto,* and the case must be reversed.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, Weltner, J., who concurs specially, and Marshall, P. J., and Bell, J., who dissent.*

WELTNER, Justice, concurring specially.

I concur specially for the reasons set out in my special concurrence in *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985).

DECIDED OCTOBER 2, 1985 —
RECONSIDERATION DENIED OCTOBER 24, 1985.

*John L. Creson, Billy E. Moore,* for appellants.
*J. Caleb Clarke III, W. Seaborn Jones, Judith Inge Harris,* for appellee.