72896. PRICE v. REEVES CONSTRUCTION COMPANY.
(351 SE2d 655)

BENHAM, Judge.

Appellant was driving her automobile on a bridge approach in Albany, Georgia, when she was struck head-on by a pick-up truck traveling in the opposite direction. After the two vehicles collided, a third vehicle ran into appellant's automobile, which then left the roadway and descended an embankment. Appellant suffered serious injuries and subsequently filed suit by her next friend against several parties, including appellee Reeves Construction Company, the contractor who had performed the grading for the roadway project. In her amended complaint, appellant asserted that the roadway on which she had been driving was extremely hazardous and imminently dangerous due to the excessively high fill and the steepness of the sides of the fill. Appellee filed a motion for summary judgment, which the trial court granted. Appellant claims on appeal that there is a question of fact whether the bridge approach was so negligently defective as to be imminently dangerous to third persons. We disagree and affirm the judgment.

"[I]t is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection." PPG Indus. v. Genson, 135 Ga. App. 248 (2) (217 SE2d 479) (1975). The case further states the exceptions to the general rule, including the one on which appellant relies which holds the contractor liable when his work is so negligently defective as to be imminently dangerous to third persons.

In support of its motion for summary judgment, appellee showed that it contracted with the Georgia Department of Transportation to do only the grading and drainage of the bridge approach for the roadway project, that it had nothing to do with its design or paving, nor was it involved in any way with decisions regarding the placement of guardrails at the site. Appellee also showed that the completed grading and drainage work was accepted by the DOT. Appellant re-

sponded to the motion for summary judgment by submitting a set of photographs of the accident site, purporting to show that the bridge was defectively constructed. Appellant here contends that the photographs were circumstantial evidence that created a material issue of fact, and relies on *Shetter v. Davis Bros.*, 163 Ga. App. 230 (293 SE2d 397) (1982), in support of her exception to the general rule set out in *PPG Indus.*, supra. After reviewing the record, we find that *Shetter* is distinguishable from the case before us. In *Shetter*, although the allegedly defective swimming pool was not designed by its builder, the builder held itself out as an expert in the design and construction of swimming pools, and there was also a conflict of expert opinion on whether the pool design was defective. These factors resulted in the *Shetter* court's holding that summary judgment for the builder was inappropriate. However, there is nothing in the record before us to indicate that appellee held itself out as having expertise in design and construction of bridge approaches, nor was there any conflict of expert opinion on whether the bridge approach was defectively designed or constructed. It is undisputed that appellee was responsible only for the grading and drainage of the site and that the work was properly completed. The photographs submitted in opposition to the summary judgment motion merely depicted what the area looked like on June 17, 1985, which date was more than two years after appellant's accident and almost ten years after appellee's grading and drainage work was accepted by DOT. Under these circumstances, no material issue of fact existed and the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1986 —
REHEARING DENIED DECEMBER 10, 1986.

*Hilliard P. Burt, Terry J. Marlowe,* for appellant.
*William A. Erwin,* for appellee.