## 72522. HOLLOWAY v. ROGERS.
### (351 SE2d 240)

BEASLEY, Judge.

Appellant seeks reversal of summary judgment granted on the basis of sovereign immunity.

In August 1981, James Daniel Holloway, then fifteen, was enrolled by his parents as a boarding student at the Georgia Academy for the Blind (GAB). See OCGA § 20-2-152 (c) (1) (E). Daniel was born with serious physical and mental disabilities resulting from a diagnosed genetic condition. The facilities at the institution required that Holloway share a room with other students, including one Henderson.

According to the deposition of Daniel's mother, Daniel was beaten by Henderson three days after his enrollment and suffered significant bruises from the incident, so she withdrew him. Daniel was re-enrolled in December. When Mrs. Holloway went to her son's cottage at GAB in April 1982 to pick him up to take him home for the weekend, she witnessed her son being pinned down on a bed by Henderson, who was "jabbing him with a pencil." Mrs. Holloway stated that during this episode, the housemother was next door watching television and that despite the assurances that Daniel and the Henderson boy would not be kept together, the two boys had remained in the same cottage. Following this second alleged incident, Daniel was permanently removed from GAB. Thereafter Mrs. Holloway as next friend for Daniel filed suit against Charles McDaniel in his capacity as State Superintendent of Schools, and others.[1] The other defendants were dismissed by plaintiff prior to consideration of the summary judgment motion.

The allegations against the superintendent were that GAB had a

---

[1] Subsequent to the filing of this suit, Charles McDaniel died and Werner Rogers was appointed State School Superintendent. A suggestion of death of appellee was filed in the case.

duty to care for Daniel while in its custody, that the actions or inactions of GAB personnel in "permitting these assaults to continue" constituted reckless and intentional conduct amounting to indifference to consequences equivalent to actual intent; that the authorities at GAB knew of the assaults by Henderson, knew of the Holloways' concern, and assured Mrs. Holloway Daniel would be protected from Henderson if Daniel were re-enrolled; and that as a result of GAB's "wanton lack of care" Daniel suffered extensively and is now undergoing treatment for personality changes and continuing fears.

In the third amendment to the complaint, plaintiff also alleged that, "[w]hen the officials at the Academy permitted the beatings to continue, this showed a deliberate indifference to Daniel Holloway's Constitutional rights under 42 U.S.C.A. § 1983, and under the United States Constitution and the Constitution of the State of Georgia," and that "[t]his was a violation of his right to 'minimally adequate habilitation' under the Due Process Clause; a violation of his right to 'freedom from harm' under the Eighth and Fourteenth Amendments of the United States Constitution, and a violation of his right to nondiscriminatory habilitation under the Equal Protection Clause of the United States Constitution."

1. Appellant argues that the legislature has provided liability insurance by OCGA §§ 20-2-993 and 20-2-992, when read together, and to this extent has waived sovereign immunity in a suit of this nature. However, section 993 merely allows for government-provided defense, which was given in this case, and not for payment of any liability damages.

Both incidents complained of in this case occurred prior to January 1, 1983, the effective date of Art. I, Sec. II, Par. IX of the Constitution of Georgia of 1983. The constitutional "waiver provisions are prospective from the effective date of the amendment." *Wilmoth v. Henry County*, 251 Ga. 643, 644 (2) (309 SE2d 126) (1983). Thus the sovereign immunity provided in the 1976 Constitution, Art. VI, Sec. V, Par. I applies. *Hill v. McClure*, 171 Ga. App. 588 (1) (320 SE2d 562) (1984); *Truelove v. Wilson*, 159 Ga. App. 906, 907 (3) (285 SE2d 556) (1981). OCGA § 20-2-992 expressly reserved it. Therefore even if it was shown that liability insurance had been procured pursuant to OCGA § 20-2-991, a defense of sovereign immunity is still available as to acts of even gross negligence. *Truelove v. Wilson*, supra at 908.

There is no dispute that appellant has sued the state school superintendent in his official capacity. See *Mapp v. Drake*, 178 Ga. App. 830, 831 (344 SE2d 682) (1986). " 'Any suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State . . .' and cannot be maintained without its consent. [Cits.] . . . 'It is a well-established

principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that "where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice or corruption.*" ' " *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980).

Plaintiff's complaint is that defendant, in his capacity and within the scope of his authority, failed to take action to protect Daniel from physical assaults by other children, in that he failed to establish proper policy or procedure. This is clearly a discretionary act, and she has presented no evidence whatsoever to justify a determination that there is a factual dispute as to whether or not there was wilful or malicious conduct on the part of the superintendent. Mere negligence on his part, even if proved, is insufficient to avoid the immunity. *Truelove v. Wilson*, supra, and cases cited therein.

We turn to the federal and constitutional claims detailed above.

2. To begin with, we reject the argument that a claim under 42 USCA § 1983, is irreconcilable with a state sovereign immunity defense. *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984). Furthermore, the "Supreme Court [of Georgia] has interpreted that federal statute 'to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy*, adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right. Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or implemented by but one single act. What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate.' [Cit.] The Supreme Court formulated that construction in an attempt to reconcile the potentially expansive liability under 42 USC § 1983 'with our traditional, constitutional, and statutory doctrine of sovereign immunity.' [Cit.]" *Dinsmore v. Cherokee County*, 177 Ga. App. 93, 94 (338 SE2d 523) (1985).

The record is barren of any evidence of "implementation of an intentional policy or a constitutional deprivation resulting from an intentionally corrupt or impermissible policy" so as to find a cause of action under 42 USC § 1983. Id.

Though appellant intones the state and federal constitutions and violations of various provisions thereof, she makes no supporting ar-

gument and therefore has abandoned such assertions for purposes of our review. Court of Appeals Rule 15 (c) (2). See *Mitchell v. State*, 173 Ga. App. 560 (1) (327 SE2d 537) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1986.

*Jane A. Stevens,* for appellant.

*William C. Harris, Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Jim O. Llewellyn, Senior Assistant Attorney General, Patrick W. McKee, Assistant Attorney General,* for appellee.