## 73213. PRICE v. DEPARTMENT OF TRANSPORTATION.
(356 SE2d 45)

BEASLEY, Judge.

Sovereign Immunity. Hattie Price by her mother, Margaret Price, sued the Department of Transportation and others as a result of serious and disabling injuries sustained in a multi-automobile collision on May 10, 1983. It was alleged that Hayes lost control of his truck, it crossed the centerline and collided head-on with Price's car, and the rear of her car was then struck by Thomas' vehicle traveling behind her. Price's car left the roadway, overturned, and fell twenty-two feet

down the embankment. She alleged that the part of the roadway from which the car fell was an approach to a bridge and was situated on top of a high fill with steep sides, no guardrails, and no other obstruction to prevent vehicles from plunging down.

Defendants were jointly Hayes, Thomas, the contractors which participated in building the roadway, the City of Albany, Dougherty County, and DOT.[1] The claim against DOT was for negligence and for creating a nuisance. DOT invoked sovereign immunity and, as requested, the court treated its amended motion to dismiss as one for summary judgment in accordance with OCGA § 9-11-12 (c), since affidavits were included. The motion was denied on the basis that DOT had waived the defense of sovereign immunity because its employees had been provided with liability insurance protection. DOT's motion for reconsideration resulted in a grant of summary and final judgment in its favor.

On appeal, plaintiff submits the evidence shows that DOT employees were covered by insurance written through a private carrier during the time of the alleged negligent acts and omissions and by insurance through the Liability Trust Fund of the Department of Administrative Services on the date of injury.

1. Plaintiffs in pending litigation other than the case at bar have filed an amicus curiae brief, which DOT moves to dismiss. We deny that motion, Court of Appeals Rule 13, but we will not consider any portions of the amicus curiae's argument which would constitute an attempted expansion of the original appeal. *Shaver v. Aetna Fin. Co.*, 148 Ga. App. 740, 741 (252 SE2d 684) (1979).

2. The state constitution provides a qualified sovereign immunity: "Sovereign immunity extends to the state and all of its departments and agencies. However, . . . the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided . . . ." Ga. Const. 1983, Art. I, Sec. II, Par. IX (a) (effective January 1, 1983).[2] See *Thigpen v. McDuffie County Bd. of Education*, 255 Ga. 59 (335 SE2d 112) (1985).

Appellant claims that the alleged negligence of DOT, i.e., employees' work on the design, planning, construction, and maintenance

---

[1] For another portion of this case, see *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655) (1986).

[2] Prior to this, sovereign immunity provisions were found in Ga. Const. 1976, Art. VI, Sec. V, Par. I. A 1974 constitutional amendment was ratified authorizing the establishment of a State Court of Claims. Code Ann. § 2-3401. By that amendment, the doctrine of state sovereign immunity gained constitutional status. *Clark v. State of Ga.*, 240 Ga. 188 (240 SE2d 5) (1977).

of the bridge approach, occurred in a period from January 1971 through January 1977. This period intersected the period when DOT's employees were covered for potential errors and omissions by a $500,000 general liability insurance policy written through Admiral Insurance Company (July 1975 to July 1980) and the period when DOT employees' coverage for errors and omissions was through the Liability Trust Fund of the Department of Administrative Services.

The argument is that although DOT did not carry an insurance policy naming the department itself rather than DOT employees as an insured, DOT can act only through its employees so that DOT was covered for the incident in question by liability insurance protection constituting waiver of constitutional sovereign immunity. The argument continues with the proposition that the trial court erroneously applied OCGA §§ 45-9-4 and 45-9-5 to her claims against DOT.

Section 4 authorizes the commissioner of administrative services to purchase liability insurance or contracts of indemnity insuring or indemnifying officers, officials, or employees of departments of the state, such as DOT, against personal liability for damages arising out of or in connection with the performance of their duties, under a master policy or on a blanket coverage basis. Section 5 provided at the time of incident: "Nothing in this article shall constitute a waiver of the immunity of the state from any action." Effective March 12, 1986, it was amended to clarify that: "The exercise of authority provided in this article shall not constitute the provision of liability insurance protection under Article I Section II, Paragraph IX of the Constitution."

There is no evidence whatsoever of liability insurance covering DOT in its own name for personal injury claims made against it. Both the policy from a private carrier and the later policy from the Liability Trust Fund were purchased through the Department of Administrative Services in general for employees of all state agencies and departments, but not for departments. OCGA § 45-9-4, passed in 1977, would not have authorized the latter. Nor would its predecessor Code Ann. § 89-974. The named insureds under both policies were the employees of the State of Georgia. The state has agreed to be responsible via its purchase of insurance for the acts of its employees, but only to that extent. It has not waived the sovereign immunity of the department.

Appellant cites no authority for her argument that no distinction should be made between the entity DOT and DOT employees for the purpose of insurance coverage and waiver of sovereign immunity. See instead *Cox Communications v. Dept. of Transp.*, 256 Ga. 455, 456 (2) (349 SE2d 450) (1986). The insurer insured the employees, not the department which employed them. This court has recognized the important distinction between a state agency or instrumentality and its

employees in an analogous situation. See *Hicks v. Shea*, 149 Ga. App. 396 (254 SE2d 511) (1979). Moreover, the concept of waiver of governmental immunity in regard to an employee of the state or county, etc. is quite distinct from that of waiver of sovereign immunity by the state or one of its agencies. See *Shuman v. Dyess*, 175 Ga. App. 213, 215 (2) (333 SE2d 379) (1985). Price's own choice of parties defendant belies her argument of such lack of distinction between department and department employee since she sought to name three DOT employees as defendants in the present suit independent of defendant-employer DOT.

There being no waiver of sovereign immunity by the department, the plaintiff is foreclosed from reaching the state treasury and defendant DOT was entitled to judgment in its favor as a matter of law.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 30, 1987 —

*Hilliard P. Burt, Terry J. Marlowe*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General*, for appellee.

*James E. Goodman, F. Clay Bush, Stephen H. Debaun*, amici curiae.