76497. WEST END INVESTMENTS OF ATLANTA, INC.
v. HILLS.
(372 SE2d 665)

SOGNIER, Judge.

Betty Hills brought an action for medical malpractice against several podiatrists, Midtown Anesthesia Services and two of its employees, and West End Investments of Atlanta, Inc. d/b/a The Atlanta Hospital and its employee Mary Compton, R.N. Hills subsequently voluntarily dismissed her claims against the podiatrists, and summary judgment was granted in favor of Midtown Anesthesia Services and its employees. The hospital and Compton then moved for summary judgment. The trial court granted Compton's motion, and that ruling was not appealed. The hospital's motion was denied, but a certificate of immediate review was granted, and we granted the hospital's application for this interlocutory appeal.

The record reveals that appellee was admitted to appellant's hospital facility by her private doctor for podiatric surgery. Prior to the operation she was examined at the hospital by Dr. John Read, an internist with staff privileges at the hospital, who cleared appellee for surgery. The foot surgery then took place, and while appellee was in the recovery room it was noted that her left ear was bleeding. Dr. Read was called, and he prescribed medication to be applied to appellee's ear. Dr. Read also ordered a consultation with an ear, nose and throat specialist, which never occurred because the specialist was unavailable at that time and appellee subsequently departed from the hospital against medical advice. Appellee later visited a specialist recommended by her private physician, who diagnosed a perforated eardrum and performed surgery to repair the damage.

All other grounds having been removed from consideration either by the prior grant of summary judgment in favor of various defendants or by appellee's voluntary dismissal of others, the basis for appellee's opposition to and the trial court's denial of appellant's motion for summary judgment was the claim that the appellant is responsible for the alleged negligence of Dr. Read. Although Dr. Read is not a

hospital employee, and his negligence ordinarily would not be attributable to appellant, appellee argued and the trial court apparently agreed, that appellant is or may be liable here for the negligence, if any, of Dr. Read under the doctrine of apparent or ostensible authority, as enunciated in the decision in *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893 (354 SE2d 632) (1987), aff'd *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987).

Appellant contends the trial court erred by denying its motion for summary judgment because the doctrine of apparent authority cannot be applied in this case, where no justifiable reliance on such apparent authority was asserted or demonstrated by appellee. Appellee claims it is not necessary to show such justifiable reliance on her part.

In *Brown v. Coastal Emergency Svcs.*, supra, this court adopted for the first time the view, increasingly prevalent in jurisdictions across the country, that the doctrine of apparent authority applies, in some circumstances, to a claim against a hospital based on the negligence of a physician, despite the fact that the physician was not an employee of the hospital. In *Brown*, the allegations of negligence were directed against doctors staffing the emergency room of the hospital at which the patient presented himself for care. This court reversed the grant of summary judgment in favor of the hospital despite the fact that the doctors were not hospital employees because there *was* evidence that the hospital "held out" to the public that the doctors against whom negligence was alleged were "hospital doctors," and that the plaintiff justifiably relied on that apparent agency to his detriment. *Brown*, supra at 897-898. The Supreme Court thereafter noted that "the essence of the doctrine [of apparent agency] is that one represents that another is one's agent so that plaintiff justifiably relies on the care or skill of the apparent agent whose negligence causes the injury. It is not enough that plaintiff simply believe there is an agency relationship. There is an objective standard. The apparent principal must represent or hold out the apparent agent. *Then, too, justifiable reliance must lead to the injury.*" (Emphasis supplied.) *Richmond County Hosp. Auth.*, supra at 508-509.

Further, this court noted in *Brown* that the plaintiff "specifically averred in his affidavit filed in opposition to the summary judgment motions that he opted to be treated by the physicians on duty at the University Hospital emergency room rather than by a 'private doctor' because he 'felt that the hospital doctors would give better care.' " Id. at 897. The plaintiff in that case "alleged the hospital . . . held out to the public that such emergency room doctors . . . were agents and employees of the hospital . . ." and was therefore estopped from denying the doctors were its agents. *Richmond County Hosp. Auth.*, supra at 508.

In view of the foregoing language in the opinions of both this court and the Supreme Court, we decline to read *Brown* as authority for the proposition that a hospital can be held liable under the doctrine of apparent agency for any alleged negligent acts which take place within the hospital setting, regardless of whether the elements necessary for the application of the doctrine of apparent agency are presented.

Applying those elements to the case sub judice, the record discloses only that Dr. Read was not an intern or resident, and was not employed by appellant. Appellee's podiatrist, Dr. Gary Laden, testified at deposition that he was called when the bleeding from appellee's ear was noticed, that he talked with appellee by telephone about the bleeding from her ear, and that he "had an internist look at her ear." That internist was Dr. Read, who was characterized by Dr. Laden as "a Board certified medical doctor who is the staff internal medicine specialist." We have examined the record carefully and find no other evidence shedding light on Dr. Read's status or his relationship with appellant. No indication is given in the record whether Dr. Read performed the preoperative examination on appellee because it was appellant's usual practice to have one of "its" doctors perform such duties, or whether Dr. Read was engaged to do the examination by Dr. Laden, on appellee's behalf. There is no evidence of "holding out" by appellant, or of reliance by appellee on a belief that Dr. Read was a hospital employee, rather than an independent physician asked to consult by appellee's personal doctor.

In further contrast to the situation in *Brown*, our examination of the record reveals no evidence, nor do the pleadings of record reveal any *allegation* from which it could be deduced or reasonably inferred, that appellant led appellee to believe Dr. Read was its employee or that appellee justifiably relied on any such representation. Rather, the record shows that appellee alleged only that Dr. Read was negligent, and that Dr. Read was an employee of appellant. This allegation was pierced when appellant proffered the affidavit of Lewis Ransdell, the hospital administrator, who swore that in his capacity of administrator, he was familiar with the relationship between staff physicians and the hospital, and that at all times pertinent to this action, Dr. Read had not been employed by appellant, nor had appellant paid him any compensation for services, but that Dr. Read had staff privileges at the hospital, and had the right and privilege to treat patients there.

"When a motion for summary judgment is made and supported as provided in [OCGA § 9-11-56], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does

not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e); *Buffington v. Gold Kist,* 179 Ga. App. 393, 394 (346 SE2d 577) (1986). " ' "When the [defendant-] movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." [Cits.]' [Cit.]" *Currie v. Haney,* 183 Ga. App. 506, 507 (359 SE2d 350) (1987).

When appellee's allegation that appellant was liable for Dr. Read's negligence because he was a hospital employee was pierced by Ransdell's affidavit, to avoid entry of summary judgment against her appellee was obligated to come forward with at least an allegation from which appellant's liability on some other basis, such as apparent agency, could be maintained. Because she did not, she failed to raise a genuine issue of material fact, and appellant was entitled to judgment as a matter of law. Accordingly, the trial court erred by denying appellant's motion for summary judgment. See generally *Taylor v. McDonald,* 183 Ga. App. 320, 322 (359 SE2d 1) (1987).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Roger Mills, Stephen H. Sparwath,* for appellant.
*E. W. Weiman, Patrick G. Longhi,* for appellee.