A89A1195. ETHRIDGE et al. v. PRICE.
A89A1260. PRICE v. MIMS.
(389 SE2d 784)

PER CURIAM.
Hattie Eileen Price was severely and permanently injured in an automobile collision on May 10, 1983. She filed suit against numerous defendants including the Georgia Department of Transportation (DOT) on May 9, 1985, but subsequently amended the complaint to

show her mother as plaintiff acting as next friend due to her incapacity from brain damage. Price moved to add as defendants Wyndald C. Ethridge, Earl L. Tyre and W. Wilson Mims, who were all retired DOT employees, alleging that their negligence in designing, constructing and maintaining the road on which the collision occurred contributed to her injuries and damages. DOT filed a motion for summary judgment, which was granted by the trial court on grounds of sovereign immunity, and this court affirmed on appeal. *Price v. Dept. of Transp.*, 182 Ga. App. 353 (356 SE2d 45) (1987).

On grant of certiorari the Supreme Court reversed, holding that insurance protection had been provided for the claims raised in the suit; and that the issue of sovereign immunity had been decided adversely to DOT in *Martin v. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987) and was binding on the facts presented. *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987). However, on motion for reconsideration the Supreme Court ordered the trial court upon remand to rule on Price's motion to add the named employees as defendants, stating that "[i]f they, or any of them, are made defendants there is a waiver of sovereign immunity as to the DOT as stated in the opinion. Since a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided, if no employee is made a party defendant there will be no waiver as to DOT." Id. at 537-538.

Upon return of the case to the trial court, the motion to add Ethridge, Tyre and Mims as party defendants was granted and they were served with copies of the amended complaint in February of 1988, this being their first notice of the 1983 collision. After some discovery a summary judgment motion was filed by all three employees, and was granted in favor of Mims but denied to Ethridge and Tyre. This court granted the applications for interlocutory review of Ethridge and Tyre in A89A1195 and of Price in A89A1260, and has consolidated the appeals. For other appeals previously entertained in this case, see *Price v. Wright Contracting Co.*, 183 Ga. App. 595 (359 SE2d 406) (1987); *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655) (1986).

1. In Case No. A89A1195 Price alleged that Ethridge in his capacity as State Road Design Engineer was negligent in not designing, or having those who worked under him design, the road project location on which she was injured with more extensive guardrails, a median barrier between the opposing lanes and a more moderate slope in the fill sections of the roadway so as to prevent vehicles from plunging down a steep embankment. She further alleged that Tyre as DOT District Engineer had the authority to extend the guardrail system on the bridge approach where the collision occurred and negligently failed to do so. Ethridge retired from DOT in 1978, and Tyre retired

in 1979. Both men assert that during the entirety of their DOT service the law of Georgia protected them in the exercise of their judgment by official immunity. See, e.g., *Nelson v. Spalding County*, 249 Ga. 334 (290 SE2d 915) (1982); *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980); *Roberts v. Barwick*, 187 Ga. 691 (2) (1 SE2d 713) (1939); *Truelove v. Wilson*, 159 Ga. App. 906 (4) (285 SE2d 556) (1981). Although the purchase of liability insurance was authorized effective July 1, 1975, to insure state employees, including Ethridge and Tyre, they argue that because the 1983 amendment of Art. I, Sec. II, Par. IX of the Georgia Constitution made no mention of *official* immunity as opposed to *sovereign* immunity, insurance coverage was not construed to be a waiver of official immunity until the 1987 decision was rendered in *Martin v. Dept. of Public Safety*, supra, which should not have been applied retroactively to them.

We do not agree that this has been retroactively applied here. The constitutional provision proclaims that "the defense of sovereign immunity is waived as to those *actions* for the recovery of damages for any claim against the state or any of its departments or agencies for which liability insurance protection for such claims has been provided. . . ." (Emphasis supplied.) It seems apparent that the operation of the waiver occurs at the time the action arises, not at the time the allegedly negligent act was committed. As stated in *Price v. Dept. of Transp.*, supra at 536, the "waiver of sovereign immunity [is] not for the claim, but for the action." Since Price was injured on May 10, 1983, after the amendment became effective on January 1, 1983, the waiver is applicable here. See *Wilmoth v. Henry County*, 251 Ga. 643 (2) (309 SE2d 126) (1983) and *Holloway v. Rogers*, 181 Ga. App. 11 (1) (351 SE2d 240) (1986), where both appellate courts considered only if the cause of action arose prior to the effective date of the waiver, not when the defendants' alleged negligence occurred. See also *Hunter v. Johnson*, 259 Ga. 21 (3) (376 SE2d 371) (1989).

2. Either for the reason stated in the special concurrence of Judge Sognier or for the reason stated in the special concurrence of Judge Benham, summary judgment should have been granted to Ethridge and Tyre. Accordingly, we reverse the trial court's denial of summary judgment to these defendants.

3. In Case No. A89A1260 Price has appealed the trial court's grant of summary judgment to the defendant Wilson W. Mims. Review of the depositions and affidavits submitted in this regard reveals that Mims as DOT's area resident engineer had administrative supervision over all construction jobs in this four-county area, and supervisory responsibility for all road maintenance in the same area. His construction responsibilities consisted of seeing that the contractors were properly paid and the DOT personnel effectively allocated among the construction projects. Thus his duties did not include the actual de-

sign or construction of the roadway project. Moreover, he was never involved with maintenance of the roadway because it was not opened to traffic until April 1, 1981, subsequent to his retirement on November 1, 1978, and no maintenance was performed until after the road was opened. Accordingly, insofar as Mims is concerned, this is one of those rare instances when issues of negligence, contributory negligence and proximate cause are for the court rather than a jury to decide and, in the absence of any evidence showing negligence on the part of Mims, we agree with the trial court that he has satisfied his evidentiary burden so as to support an award of summary judgment. *Edwards v. Trammell*, 187 Ga. App. 22, 24 (369 SE2d 288) (1988), and cases cited therein. Accordingly, we affirm the trial court's grant of summary judgment to Mims.

*Judgment affirmed in Case No. A8A1260. Judgment reversed in Case No. A89A1195. Carley, C. J., Deen, P. J., Birdsong, Sognier, Benham and Beasley, JJ., concur specially. McMurray, P. J., Banke, P. J., and Pope, J., concur specially in part and dissent in part.*

SOGNIER, Judge, concurring specially.

I join in the per curiam opinion and concur specially for the following reasons.

1. Having determined that the immunity waiver is effective against the DOT employees, we must now consider their contention that Price's action against them was barred by the two-year statute of limitation under OCGA § 9-3-33. It is undisputed that Price was rendered permanently incompetent by the accident, and "[m]inors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." OCGA § 9-3-90. I do not agree with the argument made by Ethridge and Tyre and adopted in Judge Benham's special concurrence that because Price filed suit against the DOT, the tolling of the statute of limitation ceased. Neither *Cline v. Lever Bros. Co.*, 124 Ga. App. 22, 23 (4a) (183 SE2d 63) (1971), cited in Judge Benham's special concurrence, nor those cases cited by Ethridge and Tyre, stand for that proposition. The cited portion of *Cline* merely stands for the proposition that the suit brought by next friend in that case was timely and not barred by the statute of limitation, because the plaintiff was incapacitated. Moreover, this court has held that the statute of limitation will not run against a minor represented in litigation by next friend or guardian ad litem, *Barnum v. Martin*, 135 Ga. App. 712, 715 (219 SE2d 341) (1975); see also *Jones v. Hartford Accident &c. Co.*, 132 Ga. App. 130 (207 SE2d 613) (1974), and that "[s]ince all the parties enumerated in [OCGA § 9-3-90] are in the same class, it follows that the law applica-

ble to a minor is equally applicable to the other classes of persons enumerated." *Whalen v. Certain-Teed Prods. Corp.*, 108 Ga. App. 686, 688 (134 SE2d 528) (1963). Consequently, it is established law that the statute of limitation remains tolled against an incompetent despite the institution of an action by next friend or guardian.

Even if the policy arguments put forth by Ethridge and Tyre for holding otherwise are meritorious, the statute is clear, and any change is better left to the wisdom of the Legislature. Accordingly, in my view the trial court correctly denied the motions of Ethridge and Tyre for summary judgment on this issue on the ground that the statute of limitation was tolled during Price's incapacity, and the action against them was timely filed.

I do not agree with Judge Pope that Ethridge and Tyre meet the statutory requirements for the relation back of amendments adding parties as set forth in OCGA § 9-11-15 (c). In his opinion, Judge Pope has concluded that the amendment adding Ethridge and Tyre relates back because Price had good reason for the delay in adding them, and the added parties would not be prejudiced by the addition. However, under the statutory language, that analysis is deficient. Those two factors are simply *among* those "to be considered by the trial court in determining whether to allow the amendment," *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983), as pointed out in Judge Pope's opinion. Other factors are that "within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." OCGA § 9-11-15 (c).

It is undisputed that both Ethridge and Tyre had retired from the DOT years before the accident occurred, and thus there would have been no reason for either of them to have known of the accident, to have received notice of the institution of this action against the DOT, or to have knowledge that "but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." Id. In fact, in the affidavit in support of his motion for summary judgment, Tyre specifically averred that he had "no knowledge of this law suit until perhaps a couple of weeks prior to February 1, 1988," when he was served, almost three years after the institution of the action. That averment was unrebutted. In my view, therefore, the necessary statutory preconditions for relation back have not been met.

2. Nevertheless, in my view both Ethridge and Tyre were entitled to summary judgment on the merits.

The allegation of negligence against Tyre was specific, as demonstrated by the plaintiff's answers to interrogatories. The claim was that "[i]t was Mr. Tyre's decision as to whether or not existing guardrail on the roadway should be replaced or extended. Mr. Tyre negligently failed to have the guardrail on the subject bridge approach extended so as to prevent automobiles leaving the roadway from dropping down the high, steep embankment." This claim of negligence clearly relates to maintenance, rather than to design or construction. However, Tyre's unrebutted affidavit in support of his motion for summary judgment shows that although he was the District Engineer in the Tifton office of the DOT from 1975 to 1979, the project was not completed or open to traffic until several years after his retirement in 1979, and he was *never* involved with maintenance of the project. Moreover, even if the claim of negligence against Tyre had related to design or construction it could not have survived summary judgment, since in his affidavit Tyre also averred that his job did not call for him to have any actual contact with the construction of the West Oakridge Road project, he had no input into the design, and no participation in the construction beyond overseeing some administrative tasks. Accordingly, I believe the trial court erred by denying Tyre's motion for summary judgment.

3. As to Price's claims of negligence against Ethridge, again her interrogatory answers are specific, and allege that Ethridge "and/or those persons under his supervision *negligently designed* the subject bridge approach to create . . . defects" (emphasis supplied) consisting of a high embankment, lack of sufficient guardrail, lack of median barriers, failure to correct a drop caused by settlement, and failure to correct the road surface to prevent pooling of water. It is clear that the last two "defects" alleged are not design defects, but maintenance failures. Ethridge had no responsibility for maintenance. As to the alleged design defects, in his affidavit in support of his motion for summary judgment Ethridge averred that during his tenure as State Road Design Engineer from December 1974 to his retirement in December 1978 he did no actual drafting or designing of projects, that the "ordinary business routine in [his office] would have called for the West Oakridge construction plans to have been certified by the Office of Engineering Services as meeting the design standards and specifications of the [DOT]," that his time "was devoted largely to overseeing the timely completion of plans and to the allocation of personnel," and that the West Oakridge Road project was designed "in accordance with the [DOT] policies for state aid projects which were in effect at the time." In my view, this uncontroverted evidence rebuts Price's allegations of negligence as to Ethridge and entitles him to summary judgment.

Accordingly, I would reverse the trial court's denial of summary

judgment as to Ethridge and Tyre on that basis, without reaching the remaining arguments put forth by them as supporting summary judgment.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this special concurrence.

BENHAM, Judge, concurring specially.

I concur in the majority decision that summary judgment was appropriate for all three DOT employees, appellants Ethridge and Tyre and appellee Mims.

I agree with Judge Sognier's special concurrence that the necessary statutory preconditions for relation back under OCGA § 9-11-15 (c) were not met in the case at bar. However, I believe that summary judgment should have been granted to appellants Ethridge and Tyre and appellee Mims on their statute of limitation defense. While Price's incompetency tolled the statute of limitation (OCGA § 9-3-90), the period of limitation commenced upon the institution of an action by Price's next friend, her mother. This court has held that where, as a result of the occurrence giving rise to the cause of action, a person becomes mentally and physically incapable of acting for himself in carrying on his business and in prosecuting his claim, the statute of limitation is tolled until such time as he regains the capacity to act for himself, or until such time as a guardian is appointed and actually does act for him, or until such time as one bona fide acting for him as next friend actually files suit on his behalf. *Cline v. Lever Bros. Co.*, 124 Ga. App. 22 (4a) (183 SE2d 63) (1971); *City of Atlanta v. Barrett*, 102 Ga. App. 469 (116 SE2d 654) (1960). Thus, the two-year statute of limitation governing personal injury suits commenced in the case at bar on June 26, 1985, the day the mother of the incapacitated adult filed suit as next friend of her incapacitated daughter. Appellant Tyre and appellee Mims were not served with process until February 1, 1988, and appellant Ethridge was not served until February 6, 1988, more than 2-1/2 years after Ms. Price's next friend filed suit. Since, as Judge Sognier's special concurrence states, the Prices did not meet the necessary statutory preconditions for relation back of amendments adding parties, summary judgment should have been granted Ethridge, Tyre, and Mims on the ground that the statute of limitation had expired.[1]

In reaching the conclusion that the statute of limitation does not run against an incapacitated person represented in litigation by next friend, Judge Sognier's special concurrence relies upon *Barnum v. Martin*, 135 Ga. App. 712 (2) (219 SE2d 341) (1975), which relies

---

[1] The trial court awarded summary judgment to Mims on a different ground, and the majority affirms that judgment. I, therefore, concur in the judgment only in A89A1260.

upon *Jones v. Hartford Accident &c. Co.*, 132 Ga. App. 130 (207 SE2d 613) (1974). In *Barnum*, a minor brought suit through her next friend four years before giving the required ante litem notice to a municipality. In deciding *Barnum*, this court stated that "[a]ny doubt that the statute of limitation will not run against a minor plaintiff who sues through next friend is resolved by our decision in *Jones v. Hartford Acc. &c. Co.*, [supra], where it was held that 'the disability of infancy . . . is *only* removed when the party affected reaches his lawful majority.' " However, the issue in *Jones*, as recognized by that court, was "whether or not the proviso . . . permitting an eighteen-year-old married person to maintain an action and settle a claim in his own name abolishes the disability of infancy . . . and requires an eighteen-year-old married person to commence his action for injury to the person within the time limitation of [OCGA § 9-3-33]." The court went on to hold that it did not. The *Jones* case had nothing to do with the commencement of the statute of limitation when a minor brought suit by next friend or guardian, and *Barnum's* improper reliance on it should not be perpetuated. In light of the precedents in existence at the time *Barnum* was decided (*Cline v. Lever Bros. Co.*, supra, and *City of Atlanta v. Barrett*, supra), which precedents held that the statute of limitation commenced when a guardian or next friend filed suit on behalf of the incapacitated person, I would take this opportunity to overrule *Barnum*.

I am authorized to state that Chief Judge Carley and Judge Beasley join in this opinion.

POPE, Judge, concurring in part and dissenting in part.

I join in Divisions 1 and 3 of the per curiam opinion. However, I disagree that summary judgment should have been granted to defendants Ethridge and Tyre either for the reasons stated by Judge Sognier in his special concurrence or by Judge Benham in his special concurrence.

1. I agree with Judge Sognier that the action against the defendants was not barred by the applicable statute of limitation but not for the reasons stated in his special concurrence. Rather than a new action against the named employees, I believe this action should be treated as an amendment adding parties, which is controlled by OCGA §§ 9-11-15 (c) and 9-11-21, since an action had been brought seeking recovery for Price's injury by her mother as next friend. See *Cline v. Lever Bros. Co.*, 124 Ga. App. 22 (4a) (183 SE2d 63) (1971). This action was first commenced against DOT and the other named defendants on May 9, 1985. On December 13, 1985, Price deposed DOT's operations division director and learned for the first time that Mims, Ethridge and Tyre were the former employees who were involved in the design, construction and/or maintenance of the bridge

approach where the collision occurred. On April 16, 1986, Price filed her motion to add Mims, Ethridge and Tyre as party defendants, but this motion was not ruled upon by the trial court until after remand by the Supreme Court on October 28, 1987, with direction to do so. On January 25, 1988, the trial court entered an order naming Mims, Ethridge and Tyre as party defendants; all three were served in February 1988.

"Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." OCGA § 9-11-15 (c). Although the statutory language refers to "changing" the party, it has been held to include *adding* parties as well. *Cobb v. Stephens*, 186 Ga. App. 648 (368 SE2d 341) (1988). "Among the factors to be considered by the trial court in determining whether to allow the amendment are whether the new party will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new party previously. [Cits.]" *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983).

Price moved to add the new parties as soon as she learned their identities, and the trial court's delay in acting on this motion was through no fault of her own. Ethridge and Tyre complain that the suit was in active litigation for two years and nine months before they were served, and there is no evidence of record that they knew about it prior to that time. However, they have not shown that they were harmed or prejudiced by this delay so as to preclude the amendment's relating back to the institution of the action. On motion for summary judgment the evidentiary burden as to these issues was on them as movants. *Cobb v. Stephens*, 186 Ga. App. at 651; accord *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805 (2) (371 SE2d 421) (1988). Consequently, I believe that summary judgment was properly denied as to this issue.

2. I disagree, however, that the trial court erred in denying summary judgment to Tyre and Ethridge on the merits. (Divisions 2 and 3 of Judge Sognier's special concurrence.) Firstly, Ethridge and Tyre argue that they were entitled to summary judgment because their in-

volvement in the design and construction of the roadway project was limited to execution of DOT's policies, and the judicial branch of government is without authority under the doctrine of separation of powers to establish policy for an executive agency of government. Price argues that it was not her intent to involve this court in road designing, but that she is seeking recovery from DOT and its employees for their negligent design, construction and maintenance of the road as demonstrated by their failure to adhere to their own guidelines. The guidelines to which Price refers apparently are contained in a booklet entitled "Highway Design and Operational Practices Related to Highway Safety," a report of a special AASHTO Traffic Committee dated February 1967, which were adopted by DOT as the standards to be followed in constructing the state highway system. However, this booklet is not included in the record on appeal and, indeed, may not have been introduced in evidence. Moreover, the only mention of the AASHTO regulations was in the deposition of a DOT employee who testified, without contradiction, that while these standards were followed for state highways they were not used in conjunction with county roads. Appellants' evidence that the road in issue here was designed and built for the county, not the state highway system, was undisputed.

"When the (defendant-movant) for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." (Citations and punctuation omitted.) *West End Investments v. Hills*, 188 Ga. App. 274, 277 (372 SE2d 665) (1988). Price failed to meet her burden of showing that DOT and its employees did not follow their own guidelines, or that they were obligated to do so, when she did not come forward with rebuttal evidence. See *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345 (370 SE2d 201) (1988).

This was not, however, the sole ground upon which Price's action was based, as she also contended that negligent design, construction and maintenance of the roadway was the proximate cause of the automobile collision. "It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine." (Citations and punctuation omitted.) *Lewis v. Duggan*, 184 Ga. App. 563, 565 (1) (362 SE2d 73) (1987). Although Judge Sognier's special concurrence holds that the allegations against Tyre relate only to the maintenance of the project, it is clear that the question of extending the guardrail on the project could occur during either the design, con-

struction or maintenance phase of the project. Moreover, the record shows that Tyre was the DOT District Engineer and that as such his "responsibility was to supervise all personnel in the District including the construction personnel." Likewise, although Ethridge averred that he did *no actual* designing or drafting of projects, the record shows that Ethridge signed and submitted the "Guard Rail Location Details" drawings for this project to the State Highway Engineer for approval in July 1975, and that he signed and submitted the entire set of plans to the State Highway Engineer before the project began. Furthermore, in his capacity as head of the State Road Design Office, he "supervised an organization of 105 people including engineers, designers, draftsmen and support staff." Consequently, although Tyre and Ethridge may not have *actually* performed the drafting, design or construction tasks on the project which plaintiff alleges as negligence, they were clearly responsible, in their supervisory capacities, for the engineers, draftsmen and workers who did perform these tasks. "In the instant case the evidence does not mandate a judgment as a matter of law; a scrupulous sifting and weighing of the evidence by a jury is required. [In my opinion] the trial court properly denied summary judgment [on this basis]." *Bragg v. Missroon*, 186 Ga. App. 803, 806 (368 SE2d 564) (1988).

3. Ethridge and Tyre also urge, however, that the trial court erred in denying their motions for summary judgment because, even assuming that they were negligent, any negligence on their part was not the proximate cause of the collision in which Price was injured. However, "[t]here may be more than one proximate cause of an injury. [Cit.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (1) (256 SE2d 916) (1979). See also *Eubanks v. Business Equip. Center*, 161 Ga. App. 202, 203 (288 SE2d 273) (1982). Price alleged that she was injured not only when her car was struck by two other vehicles, but when she plunged 22 feet down the steep embankment of the bridge approach because DOT's employees failed to provide a guardrail, recovery area or a gradually sloping road shoulder. She further contended that had there been a median barrier the collision would never have occurred, and that the respective, concurrent negligence of each employee contributed to her injuries.

"It is no defense to an action for an injury resulting from negligence that intervening negligence contributed to cause the injury, if the negligence of [the DOT employees] was an efficient cause without which the injury would not have occurred. [Cits.] '(I)f the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question.' [Cit.]" *Eubanks*, supra at 203. In my opinion, this issue must be de-

termined by the jury.

4. I would likewise reject Ethridge and Tyre's assertion that having ruled in *Price v. Wright Contracting Co.*, 183 Ga. App. 595 (359 SE2d 406) and *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655), that the contractors involved with the roadway project could not be held liable as a matter of law for its design and construction because they were simply following the rules established by DOT, this court is bound to reach the same conclusion in regard to them. On the contrary, those cases turned on the general rule that " 'where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, . . .' " *Wright* at 597; *Reeves* at 241. As further pointed out in *Wright*, supra at 597-598: " 'when the work is finished by (the contractor) and accepted by [the] employer [DOT], the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective condition of the work. (Cits.)" (Cit.)' [Cit.]" Accord *Wilmock, Inc. v. French*, 185 Ga. App. 259 (1) (363 SE2d 789) (1987). If the evidence is sufficient to show misfeasance and negligence on the part of DOT's employees in undertaking to design, construct or maintain the roadway project, a jury may also find them personally liable. *Howell v. Ayers*, 129 Ga. App. 899 (4) (202 SE2d 189) (1973).

5. Ethridge and Tyre also object to the fact that under OCGA § 36-33-4, municipal or local government employees are liable only for those official acts performed "oppressively, maliciously, corruptly or without authority of law" which, were it also applicable to them, would have entitled them to judgment as a matter of law. However, the Georgia cases, including the instant suit, which have considered the liability of the state and counties and their employees have consistently applied the standard of ordinary care. See, e.g., *Price v. Dept. of Transp.*, 257 Ga. 535, supra; *Thigpen v. McDuffie County Bd. of Education*, 255 Ga. 59 (335 SE2d 112) (1985); *Curtis v. Cobb County*, 254 Ga. 673 (333 SE2d 595) (1985); *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985); *Swofford v. Cooper*, 184 Ga. App. 50 (360 SE2d 624) (1987); *Early County v. Fincher*, 184 Ga. App. 47 (360 SE2d 602) (1987). If a higher standard is to apply, it must come from the legislature. Consequently, I believe the trial court properly denied summary judgment to defendants Ethridge and Tyre.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Banke join in this special concurrence and dissent.

DECIDED DECEMBER 5, 1989 —
REHEARINGS DENIED DECEMBER 20, 1989 —

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General,* for Ethridge, Tyre and Mims.

*Burt & Burt, Hilliard P. Burt, Terry J. Marlowe,* for Price.