## 66808. JAMES v. RICHMOND COUNTY HEALTH DEPARTMENT.

DEEN, Presiding Judge.

The appellant commenced this action against the Richmond County Health Department in September 1982, alleging that in October 1981 a private physician discovered a carcinogenic tumor on the appellant's right lung which should have been detected by the appellee health department when it took a chest X-ray of the appellant in January 1980. In answering the complaint, the appellee raised, inter alia, the defense of sovereign immunity. The trial court granted summary judgment for the appellee, and this appeal followed. *Held:*

The state is immune to suit for any cause of action unless that immunity is expressly waived by constitutional provision or legislative enactment. Georgia Constitution, Art. VI, Sec. V., Par. I (Code Ann. § 2-3401 (Const. 1976)); *Sikes v. Candler County,* 247 Ga. 115 (274 SE2d 464) (1981); *Health Facility Inv. v. Georgia Dept. of Human Resources,* 238 Ga. 383 (233 SE2d 351) (1977). That immunity extends to counties, as subdivisions of the state. OCGA § 36-1-4 (Code Ann. § 23-1502); *Arnold v. Walton Commrs.,* 205 Ga. 606 (54 SE2d 424) (1949). " 'It is the general rule that a county, when exercising governmental functions and acting as an agency of the state, is not liable, in the absence of statute imposing liability, for its failure to perform a duty or for its negligent performance of the duty, not even when the duty is imposed by statute; and there is no distinction in the application of this rule between the neglect to perform an act which ought to have been performed, and the performance of the duty in a negligent manner.' [Cit.]" *Miree v. United States of America,* 242 Ga. 126, 134 (249 SE2d 573) (1978).

The appellant sought to recover from a county agency for an allegedly negligent reading of a chest x-ray taken when the appellant utilized the appellee's free tuberculosis screening clinic. This court has very recently noted the lack of any authority, legislative or otherwise, for suits in negligence against the state. *Johnson v. Chatham County,* 167 Ga. App. 283 (306 SE2d 310) (1983). Contrary to the appellant's assertion, OCGA § 9-11-8 (a) (Code Ann. § 81A-108), defining medical malpractice for purposes of the general rules of pleading under the Civil Practice Act, does not constitute a statutory waiver of immunity.

This writer's personal disapproval of the continued application of the doctrine of sovereign immunity is expressed in *Echols v. DeKalb County,* 146 Ga. App. 560 (247 SE2d 114) (1978) (Deen, P. J., dissenting). Nevertheless, that dissatisfaction has yet to gain

legislative or other judicial acceptance. Accordingly, under the currently controlling authorities above, the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 14, 1983.

*G. Larry Bonner,* for appellant.
*Robert C. Daniel, Jr.,* for appellee.