71091. DINSMORE et al. v. CHEROKEE COUNTY et al.

(338 SE2d 523)

DEEN, Presiding Judge.

On November 16, 1982, while dumping rubbish at a landfill maintained by Cherokee County, John Dinsmore was killed when the dirt wall to the waste trench caved in. Subsequently, Rebecca Dinsmore, William Dinsmore, and John Dinsmore, Jr., as legal heirs of the decedent, commenced this action against Cherokee County and Trammell Carmichael, the county commissioner at the time of the incident, alleging negligent maintenance of the landfill; the plaintiffs later amended their complaint to include a claim of civil rights violation pursuant to 42 USC § 1983. The trial court granted the defendants' motion to dismiss, on the grounds that sovereign immunity barred the action and that a civil rights action did not lie under the alleged set of facts, and this appeal followed. *Held:*

" 'It is the general rule that a county, when exercising governmental functions and acting as an agency of the state, is not liable, in the absence of statute imposing liability, for its failure to perform a duty or for its negligent performance of the duty, not even when the duty is imposed by statute; and there is no distinction in the application of this rule between the neglect to perform an act which ought to have been performed, and the performance of the duty in a negligent manner.' [Cit.]" *Miree v. U. S. of America,* 242 Ga. 126, 134 (249 SE2d 573) (1978); *James v. Richmond County Health Dept.,* 168 Ga. App. 416 (309 SE2d 411) (1983). Under OCGA § 36-1-4, a county is not liable to suit for any cause of action unless made so by statute, and the legislature has never generally provided for negligence actions against a county. See *Johnson v. Chatham County,* 167 Ga. App. 283 (306 SE2d 310) (1983).

The appellants contend that a network of statutes contained in the Georgia Solid Waste Management Act, OCGA § 12-8-1 et seq., provides the statutory basis for a negligence action against Cherokee County. The appellants especially rely upon OCGA § 12-8-26, which provides that "[i]t shall be unlawful for any person to engage in solid waste handling in a manner which will likely create a nuisance; be conducive to insect and rodent infestation or the harboring and feeding of wild dogs or other animals; impair the air quality; impair the quality of the ground or surface waters; impair the quality of the environment; or likely create other hazards to the public health, safety, or well-being . . ." However, even if that statute is construed as imposing a general duty of safety beyond the primary duty of minimiz-

ing any environmental hazards, we still find no statutory authorization for a negligence action based on a breach of that duty. Accordingly, the trial court correctly concluded that this negligence action was barred by sovereign immunity.

The appellants also contend that the deprivation of the decedent's life through the alleged negligent operation of the county landfill constituted a civil rights violation actionable under 42 USC § 1983. The Supreme Court has interpreted that federal statute "to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy*, adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right. Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or implemented by but one single act. What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate." *City of Cave Spring v. Mason*, 252 Ga. 3, 4-5 (310 SE2d 892) (1984). The Supreme Court formulated that construction in an attempt to reconcile the potentially expansive liability under 42 USC § 1983 "with our traditional, constitutional, and statutory doctrine of sovereign immunity." Id.

In the instant case, the unmistakeable gravamen of the appellants' complaint was negligence. The alleged operative facts hardly qualify as an implementation of an intentional policy or a constitutional deprivation resulting from an intentionally corrupt or impermissible policy. The trial court thus properly found that no cause of action under 42 USC § 1983 was stated.

*Judgment affirmed. Banke, C. J., and Beasley, J., concur. Pope, J., disqualified.*

DECIDED DECEMBER 2, 1985.

*Russell L. Adkins, Jr.*, for appellants.
*Elliott R. Baker, M. Delilah Baker*, for appellees.