A91A1139, A91A1140, A91A1141, A91A1142. SINKFIELD v. PIKE et al. (four cases).
(411 SE2d 889)

Sognier, Chief Judge.

Henry Sinkfield and each of his three passengers brought suit against Alonso Pierce Pike and the City of Carrollton to recover damages for injuries allegedly incurred when a fire truck operated by Pike collided with a car driven by Sinkfield. The trial court granted summary judgment to the defendants on the grounds of governmental and official immunity, and the plaintiffs appeal. We have consolidated their appeals for decision.

On the afternoon of August 6, 1988, appellant Henry Sinkfield was driving south on Highway 16 toward its intersection with Highway 166. Pike, a city firefighter who was responding to a fire alarm, was driving a city fire truck east on Highway 166 toward the same intersection. Pike testified by affidavit that he was using the truck's emergency lights and siren. He averred that he slowed to between 15 and 25 miles per hour when he approached the intersection to check for traffic and, seeing no other vehicles, proceeded through the red light. Henry Sinkfield testified in his deposition that he heard the siren but did not see the truck until he entered the intersection (he had a green light). He testified further that he was driving about 30 miles per hour but could not estimate Pike's speed. Sinkfield acknowledged that the truck's emergency light was on, but stated that an embankment on the northwest corner of the intersection obstructed his view of the truck. The passengers were deposed, and each had a slightly different recollection concerning whether he saw the truck emergency light or heard the siren. A witness who was stopped on Highway 166 at the red light on the opposite side of the intersection from Pike averred that he saw the truck come through the intersection without slowing down.

1. Appellants contend the trial court erred by concluding that the City had not waived its immunity by the purchase of liability insurance. Dudley Crosson, the City Manager, averred that the City carried no motor vehicle liability insurance but did participate in a Georgia Interlocal Risk Management Agency (GIRMA) as authorized by OCGA § 36-85-1 et seq. In *Adams v. Perdue*, 199 Ga. App. 476 (405 SE2d 305) (1991), this court held that a city's participation in

GIRMA did not constitute the purchase of liability insurance that would waive the city's immunity under Ga. Const., Art. I, Sec. II, Par. IX (1983) because the statutes authorizing GIRMA expressly provide otherwise. See OCGA §§ 36-85-4; 36-85-20. As appellees note, GIRMA is an association formed to pool certain liability and property damage risks, not to provide indemnity insurance. See OCGA §§ 36-85-1 (7); 36-85-2 (a). Accordingly, this enumeration is without merit.

2. Appellants' enumeration concerning the constitutionality of OCGA § 36-85-20 presents an argument not made in the trial court; therefore, we cannot consider it. *Noro-North Plaza v. Rare Coins*, 196 Ga. App. 443, 444 (1) (395 SE2d 918) (1990).

3. In their remaining enumerations, appellants contend that Pike's actions were ministerial, not discretionary, and that fact questions remain as to whether Pike was negligent. The trial court followed *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990) to hold that Pike was performing a discretionary act, thereby entitling him and the City to the defense of governmental immunity, and that there was no evidence of wanton or reckless behavior to preclude the assertion of that defense.

We first note that both appellants and the trial court have misstated the nature of the City's governmental immunity. A municipality is immune from liability for the negligent performance of its governmental duties, e.g., *Turk v. City of Rome*, 133 Ga. App. 886, 887 (212 SE2d 459) (1975), but may be held liable for negligence in the performance of its ministerial duties. OCGA § 36-33-1 (b). In comparison, the official immunity of municipal employees depends on whether the alleged negligent act was discretionary or ministerial. *Logue*, supra at 206-207 (1). Since the operation of a fire department is a governmental function, *Bagwell v. City of Gainesville*, 106 Ga. App. 367 (1) (126 SE2d 906) (1962), the City is immune from any liability for Pike's actions regardless of whether his actions were discretionary or ministerial and even if he was negligent. See id. at 367-368 (1). Accordingly, the trial court properly granted summary judgment to the City.

Pike's entitlement to official immunity, however, does depend on the nature of his actions. Our research has not uncovered any Georgia cases analyzing the nature of a firefighter's actions in driving to the scene of a fire in response to a fire alarm. In *Logue*, supra at 207-208 (1), the Supreme Court held that the decision of a county law enforcement officer to respond to an emergency call and rush to the scene was a discretionary act so as to insulate the officer from personal liability for his negligence. This court followed the *Logue* analysis to hold in *Adams*, supra, that a city police officer's decision to maneuver his car to the location of an altercation he observed while on routine patrol likewise was discretionary. We agree with the trial

court's conclusion that the Supreme Court's decision in *Logue* controls this case as well. In *Logue*, the court extended an umbrella of immunity over the actions of public safety officials in responding to emergencies, and we are persuaded that this analysis encompasses Pike's actions. Since there was some evidence of negligence but no evidence of wanton or reckless behavior, Pike likewise was entitled to summary judgment. *Logue*, supra at 207-208 (1).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 1991.

*Jack F. Witcher*, for appellant.
*Jenkins & Eells, Kirk R. Fjelstul*, for appellees.