A92A1773. MACON-BIBB COUNTY HOSPITAL AUTHORITY v. HOUSTON COUNTY.
(428 SE2d 374)

JOHNSON, Judge.

On November 27, 1989, Bernard Dale Camps was arrested and charged with theft by taking and obstruction of a law enforcement officer. That same day, while in custody at the Houston County jail, Camps was severely injured when he attempted suicide by hanging. The Houston County Sheriff's Department transported Camps to the Medical Center of Central Georgia, operated by the Macon-Bibb County Hospital Authority. Camps was admitted for treatment. During the entire time that he was hospitalized, Camps was comatose and never regained consciousness. On January 5, 1990, while Camps was still in the hospital, the State Court of Houston County, acting on the request of the county, ordered the sheriff's department to release Camps from custody on his own recognizance. Camps' release was ordered in an admitted attempt to reduce Houston County's liability for Camps' medical and hospital expenses. It is not disputed that Camps was physically incapable of leaving the hospital on his own accord following that order because he remained in a coma. Never having regained consciousness, Camps was discharged from the hospital to another institution on March 13, 1990, after incurring medical and hospital expenses of $93,302.25.

The hospital authority filed a complaint against Houston County seeking payment of the medical and hospital expenses incurred by Camps, who is now deceased. The parties filed cross-motions for summary judgment. The court entered orders denying the hospital au-

thority's motion for summary judgment and granting the county's motion for summary judgment. The hospital authority appeals.

1. The hospital authority asserts that the court erred in denying its motion for summary judgment and in granting the county's motion for summary judgment because the county is required by OCGA § 42-5-2 to pay Camps' medical and hospital expenses. We agree and reverse the trial court's rulings.

OCGA § 42-5-2 provides: "[I]t shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital attention. . . ."[1] Houston County argues that this statute does not apply to the instant case because the legislature intended the word "inmate" to refer only to a prisoner who has been convicted of a crime and not to a pre-trial detainee such as Camps. The county's argument is not persuasive. "Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cit.]" *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106, 107 (410 SE2d 446) (1991). The statute in this case plainly provides that a governmental unit must furnish needed medical and hospital care to an inmate in the unit's custody. The plain language of the statute makes no distinction between an inmate who has been convicted of a crime and one who has not been convicted, and there is nothing in the statute which indicates that the legislature intended to limit the meaning of the term "inmate" to a person who has been convicted of a crime.

This court does not have the authority to impose such a limitation on the plain language of the statute. We must construe the statute in connection and in harmony with the existing law. *Atlanta Journal &c. v. Sims*, 200 Ga. App. 236, 237 (407 SE2d 464) (1991). The legislature has defined the term "inmate" elsewhere within Title 42 of the Code, albeit in a different chapter. " 'Inmate' means a person who is detained in a detention facility by reason of *being charged with* or convicted of a felony, a misdemeanor, or a municipal offense." (Emphasis supplied.) OCGA § 42-4-30 (2).[2] We must presume that

---

[1] The legislature has amended this Code section to further provide, "The officer in charge will provide an inmate access to medical services or hospital care and may arrange for the inmate's health insurance carrier to pay the health care provider for the services or care rendered . . . the costs of any medical services, emergency medical and hospital care, or follow-up medical or hospital care as provided in subsection (a) of this Code section for which a local government unit is responsible shall mean the costs of such medical services and hospital care which have *not been paid* by the inmate's health insurance carrier or the Department of Medical Assistance." OCGA § 42-5-2 (b) (1), (2), effective July 1, 1992.

[2] The legislature recently set forth this same definition of the word "inmate" in OCGA §

the legislature did not intend the term "inmate" to have contradictory meanings within the same title of the Code. Thus we conclude that the legislature, in using the term "inmate" in OCGA § 42-5-2, meant not only a person who has been convicted of an offense, but also a person who is detained by reason of being charged with a crime. Camps, who was in custody at the Houston County jail by reason of being charged with theft by taking and obstruction of an officer, was therefore an inmate within the meaning of OCGA § 42-5-2.

2. The county also contends that it is not responsible under the statute for Camps' medical and hospital care because his injuries were self-inflicted. This contention is without merit. The plain language of OCGA § 42-5-2, however, does not provide governmental units with such an exemption from their responsibility to provide needed medical and hospital care to inmates. This court cannot impose such a limitation on the meaning and applicability of the statute. *Lunda Constr. Co.*, supra.

3. Houston County's claim that it is protected against the hospital's lawsuit by sovereign immunity is without merit. "The state [and its subdivisions are] immune to suit for any cause of action unless that immunity is expressly waived by constitutional provision or legislative enactment. [Cits.]" *James v. Richmond County Health Dept.*, 168 Ga. App. 416 (309 SE2d 411) (1983). The county's immunity was waived by the legislature's enactment of OCGA § 42-5-2, and its responsibility to pay all medical and hospital expenses may not be avoided by the defense of sovereign immunity.

4. Based on our rulings in Divisions 1, 2 and 3, there are no genuine issues of *material* fact as to Houston County's liability under OCGA § 42-5-2. Moreover, there are no genuine issues of material fact as to the amount of medical and hospital expenses for which the county is liable. The parties stipulated that Camps incurred reasonable and necessary medical and hospital expenses of $93,302.25 between November 27, 1989, and March 13, 1990. The county is liable for that full amount. The county's attempt to reduce its liability by way of the court order that Camps be released from custody on January 5, 1990, when he was obviously not physically capable of being released, was an improper attempt to circumvent the county's statutorily imposed responsibility for Camps' care. Because there are no genuine issues of material fact, the court erred in denying the hospital's motion for summary judgment and in granting the county's motion for summary judgment.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

---

42-4-70 (2), effective July 1, 1992.

Decided February 8, 1993 —
Reconsideration denied February 26, 1993.

*Sell & Melton, John A. Draughon,* for appellant.
*O'Neal & Long, Michael J. Long,* for appellee.
*Alston & Bird, Jack S. Schroder, Jr., Richard A. Snow,* amici curiae.