## A98A1383. SMITH v. LITTLE.
(506 SE2d 675)

JOHNSON, Presiding Judge.

Officer Kenneth Smith brings this interlocutory appeal challenging the trial court's denial of his motion for summary judgment. For reasons which follow, we reverse.

This is a suit for intentional infliction of emotional distress and for negligence arising from the alleged improper conduct of a police officer during a traffic investigation. Smith, an officer with the Macon Police Department, conducted the investigation of a traffic incident involving a collision between a vehicle driven by Mae Belle Little and the vehicle of another driver, Lorine Barnes. Little alleges that Smith negligently conducted the accident investigation because he wilfully refused to question a man who witnessed the accident, failed to list the witness on the accident report, and wrongfully assigned fault for the accident to Little. Little contends that as a result she has sustained both general and special damages. In addition, she seeks punitive damages based upon Smith's alleged wilful misconduct and conscious indifference to the consequence.

Smith moved for summary judgment on the grounds of official immunity. The trial court granted the motion as to Little's claim of intentional infliction of emotional distress but denied Smith summary judgment on Little's negligence claim.

1. Pretermitting the issues whether Smith breached a public duty and whether a breach of that duty was the proximate cause of any special damages to Little is the issue whether the trial court erred in failing to grant Smith's motion for summary judgment, as to

Little's negligent claim, on the grounds of official immunity.

In holding that Smith was not entitled to summary judgment, the trial court determined that official immunity did not protect Smith because a genuine issue of material fact existed as to whether his conduct during the accident investigation was wilful or wanton. In Georgia, however, Smith may be held liable for the negligent performance of official functions in conducting and reporting the accident investigation only if these acts were committed "with actual malice or with actual intent to cause injury." Ga. Const. of 1983, as amended, Art. I, Sec. II, Par. IX. Actual malice in this context is "express malice or malice in fact." (Citation and punctuation omitted.) *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996). The trial court should have determined whether Smith's actions during the traffic investigation met the actual malice standard announced in *Merrow*. Id. When a trial court rests its denial of summary judgment on the wrong legal theory, such denial constitutes reversible error. *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93-94 (2) (483 SE2d 602) (1997); *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995).

The record before us contains absolutely no evidence showing or even tending to show actual malice. Because the trial court erred by applying an incorrect legal standard when it analyzed Little's negligence claim, Smith is entitled to judgment as a matter of law as to that claim.

2. In view of our holding in Division 1, we need not reach Smith's other enumeration of error.

The trial court's ruling denying Smith's motion for summary judgment is reversed and the case remanded with direction that the trial court enter judgment in favor of Smith as to Little's negligence claim.

*Judgment reversed and case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 11, 1998.

*Groover & Childs, Duke R. Groover*, for appellant.
*F. Robert Raley*, for appellee.