A02A1117, A02A1118. CONLEY v. DAWSON et al.; and vice versa.
(572 SE2d 34)

MIKELL, Judge.

Lashonda Daniels died as a result of an automobile collision with Donald Laster, who was driving a truck owned by his employer, Rent-A-Center, Inc. City of Albany police officer O. C. Conley investigated the collision. Daniels' mother, Jessie Dawson, brought this wrongful death action against Laster, his employer, and Officer Conley, in his individual and official capacity as a police officer of the City of Albany. In her complaint, Dawson alleged, among other things, that Officer Conley conspired with the remaining defendants to commit fraud. Specifically, Dawson contends that Officer Conley

deliberately excluded from his police report information from a witness whose account of the accident placed fault on Laster and that the officer destroyed the contact information for that witness. Dawson also sought damages for intentional infliction of emotional distress.

Officer Conley moved for summary judgment, arguing that Dawson's claims failed as a matter of law, that the individual claim against Officer Conley was barred by official immunity, and that the official claim against Officer Conley was precluded by Dawson's failure to file an ante litem notice. The trial court granted Officer Conley partial summary judgment as to Dawson's claim for intentional infliction of emotional distress but denied the motion as to the remaining claims against Officer Conley.

In Case No. A02A1117, following our grant of his application for interlocutory appeal, Officer Conley appeals the trial court's partial denial of his motion for summary judgment. Dawson cross-appealed in Case No. A02A1118, challenging the trial court's partial grant of summary judgment to Officer Conley. For reasons set forth below, we reverse in Case No. A02A1117 and affirm in Case No. A02A1118.

"In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence."[1] To prevail at summary judgment under OCGA § 9-11-56 (c), the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law.[2]

Viewed most favorably to Dawson, the evidence shows that when Officer Conley arrived at the scene of the accident, he obtained oral statements from Laster and Irwin Cloud, who was a station attendant at a gas station located near the scene of the accident. Officer Conley deposed that no other person at the scene indicated that they witnessed the accident. However, according to Jim Thurman, a former police officer who investigated the collision on behalf of Dawson, Officer Conley told him that a white male approached him at the scene, stating that he witnessed the accident, and that Laster had caused it. Officer Conley told Thurman that he excluded the white male's information from his police report because he decided that the man could not have witnessed the accident. Officer Conley did not have the white male's information when he talked to Thurman but promised to send it, which he never did. Two other witnesses also deposed that there was a white male at the scene who said that he witnessed the accident.

---

[1] (Citation and punctuation omitted.) *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).
[2] Id.

Laster deposed that Officer Conley told him that there were two witnesses, one who corroborated Laster's version of the accident and another who was "completely off base." Laster recalled that he told Officer Conley that the witness could not have seen him because Laster entered the roadway from a completely different direction from that described by the witness. When asked about the witness or his conversation with Thurman during his deposition, Officer Conley stated that he did not recall the witness or his conversation with Thurman.

## Case No. A02A1117

1. In his first enumeration of error, Officer Conley contends that a suit against him in his official capacity is equivalent to a suit against the City of Albany, and that the trial court erred in denying summary judgment on Dawson's claim because Dawson failed to give the City ante litem notice of her claim. Dawson agrees, noting that she subsequently dismissed her claim against Officer Conley in his capacity as a City of Albany police officer. "[A]ny cause of action averred against a municipal police officer in his official, as opposed to his personal/individual, capacity is in reality suit[ ] against the municipality."[3] Thus, the claim against Officer Conley in his official capacity was not sustainable without the ante litem notice.[4] Accordingly, the trial court erred in failing to grant summary judgment on that claim.

2. In his next enumerated error, Officer Conley argues that the trial court erred in denying him summary judgment due to his official immunity, as there was no evidence of malice on his part toward Dawson. We agree.

Qualified immunity,[5] also known as official immunity, "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption."[6] We have held that "[a police officer] may be held liable for the negligent performance of offi-

---

[3] (Citation and punctuation omitted.) *Pearson v. City of Atlanta*, 231 Ga. App. 96, 101 (5) (499 SE2d 89) (1998).

[4] *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983). Compare *Carter v. Glenn*, 243 Ga. App. 544 (533 SE2d 109) (2000) (ante litem notice not required where suit is against officer individually).

[5] Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with malice or with actual intent to cause injury in the performance of their official functions. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

[6] (Footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001).

cial functions in conducting and reporting the accident investigation only if these acts were committed with actual malice or with actual intent to cause injury."[7] In *Merrow v. Hawkins*,[8] our Supreme ·Court held that in the context of official immunity, "actual malice" requires a deliberate intention to do wrong.[9]

Dawson argues that a question of fact arises as to whether Officer Conley acted with malice because of the officer's business relationship with Rent-A-Center. Officer Conley had previously opened an account with the company and had come to know one of the managers, Virgil Young. Young came to the scene of the accident and accompanied another manager to visit Laster later that evening at the hospital. Officer Conley also came by the hospital to talk with Laster about the collision.

Laster testified that on the day after the collision, a Rent-A-Center manager told him not to worry, that he would "go and talk with the officer and get the reports and all of that," and that Laster should focus on his recovery. Rent-A-Center manager Allan Williams deposed that Officer Conley visited the Rent-A-Center office on the morning after the accident but could not recall exactly why the officer did so. Officer Conley deposed that he would have been off duty that morning and does not recall going to the Rent-A-Center office. He did recall, however, that he visited Laster at his home on that evening to take his statement. Officer Conley deposed that his account with Rent-A-Center was closed by the time the accident occurred. These facts, Dawson contends, show that Officer Conley acted with malice because he was motivated to help his Rent-A-Center friends.

"The question of whether a government official is entitled to qualified immunity is a question of law for the court to decide."[10] Here, we find that the record does not show evidence of malice sufficient to overcome Officer Conley's qualified immunity. Dawson's characterization of Officer Conley's actions as evidence of an improper motive to protect Rent-A-Center requires that we speculate and make assumptions that simply are not justified by the record, even viewed most favorably to Dawson.[11] Because Dawson cannot show Officer Conley acted with malice, qualified immunity provides Officer Conley with protection from suit. In view of this finding, the

---

[7] (Citation and punctuation omitted.) *Smith v. Little*, 234 Ga. App. 329, 330 (1) (506 SE2d 675) (1998).

[8] 266 Ga. 390 (467 SE2d 336) (1996).

[9] Id. at 391.

[10] *Outlaw v. Nasworthy*, 250 Ga. App. 362, 364 (1) (551 SE2d 785) (2001).

[11] Implied malice is excluded from the concept of actual malice as it has been defined by our Supreme Court. *Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 149 (5) (524 SE2d 790) (1999).

trial court erred in denying Officer Conley's motion for summary judgment. Thus, Officer Conley's additional enumerations of error are moot.

### Case No. A02A1118

3. Dawson claims the trial court erred in granting summary judgment to Officer Conley on Dawson's claim of intentional infliction of emotional distress.[12] We disagree. As discussed above, the application of the doctrine of qualified immunity causes Officer Conley to be immune from suit, in his personal capacity, for actions taken in connection with his investigation into Daniels' automobile collision. Dawson's claim for intentional infliction of emotional distress relies upon the supposedly outrageous conduct of Officer Conley during the investigation. It follows that Officer Conley's qualified immunity protects him from suit on Dawson's claim of intentional infliction of emotional distress. Furthermore, the record does not support a showing of extreme and outrageous conduct on the part of Officer Conley. The cause of action for intentional infliction of emotional distress is not sustainable, and the trial court did not err in granting Officer Conley's motion for summary judgment in connection with this claim.

*Judgment reversed in Case No. A02A1117. Judgment affirmed in Case No. A02A1118. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 1, 2002.

*Oliver, Maner & Gray, Patrick T. O'Connor, Al Grieshaber, Jr.,* for appellant.
*Gregory, Christy & Maniklal, Hardy Gregory, Jr., B. T. Edmonds,* for appellees.
*Chambless, Higdon & Carson, Mary M. Katz, Lokey & Smith, Malcolm Smith,* amici curiae.

---

[12] "A claim for intentional infliction of emotional distress has four elements: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe." (Citation omitted.) *Pyle v. City of Cedartown,* 240 Ga. App. 445, 447 (2) (524 SE2d 7) (1999).