**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 20, 2013**

# In the Court of Appeals of Georgia

A13A0912. CITY OF ATLANTA et al. v. MITCHAM.

PHIPPS, Chief Judge.

Barto Mitcham filed a negligence action against the City of Atlanta ("City") and George Turner (in Turner's official capacity as "Police Chief for City of Atlanta"), alleging that Mitcham was injured as a result of the City's and Turner's failure to provide the medical care he needed while he was in their custody. The City and Turner appeal from the trial court's denial of their motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Finding no error, we affirm.

A motion to dismiss brought under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted should be granted only when the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state

of provable facts asserted in support thereof; and the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[1]

"We review the denial of a motion to dismiss de novo."[2]

In his complaint, Mitcham pertinently alleged the following. In October 2010, Mitcham was in the custody of the Atlanta Police Department, having been arrested for "hit and run." While in custody, Mitcham became ill and was taken to a hospital in connection with "low blood sugar associated with diabetes." Upon Mitcham's discharge from the hospital, the City and Turner were notified of the need to monitor Mitcham's blood sugar levels and instructed to provide him with insulin on a regular schedule. The City and Turner failed to monitor and properly regulate Mitcham's insulin levels as instructed, and Mitcham became ill and received serious and permanent injuries as a result of the City's and Turner's negligence.

---

[1] *Common Cause of Ga. v. City of Atlanta*, 279 Ga. 480, 481 (614 SE2d 761) (2005) (citations and punctuation omitted).

[2] *Walker v. Gowen Stores*, 322 Ga. App. 376, 377 (745 SE2d 287) (2013) (citation omitted).

Citing OCGA § 36-33-1 (b),[3] the City and Turner moved to dismiss the action for failure to state a claim, asserting that the City is entitled to sovereign immunity because it was "engaged in the performance of [a] governmental function at the time [Mitcham] allegedly suffered his injuries";[4] and that Turner is entitled to sovereign or governmental immunity because he was sued in his official capacity, and the claim against him is thus equivalent to the claim against the City.[5]

Mitcham countered that the provision of adequate medical attention to inmates under the City's and Turner's custody and control was, instead, a ministerial act; thus,

---

[3] OCGA § 36-33-1 (b) provides: "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable."

[4] See OCGA § 36-33-1 (b). "Legislative or judicial" duties, as set out in the foregoing statute, are sometimes referred to as "governmental" duties. See, e.g., *Sinkfield v. Pike*, 201 Ga. App. 652, 653 (3) (411 SE2d 889) (1991) ("A municipality is immune from liability for the negligent performance of its governmental duties, but may be held liable for negligence in the performance of its ministerial duties. OCGA § 36-33-1 (b).") (citation omitted).

[5] See *Gilbert v. Richardson*, 264 Ga. 744, 750 (4), 754 (7) (452 SE2d 476) (1994) (a sheriff being sued in his official capacity is entitled to the benefit of the county's sovereign immunity defense; further, noting that the term "governmental immunity" is synonymous with "sovereign immunity" - both refer to the immunity provided governmental entities); *Conley v. Dawson*, 257 Ga. App. 665, 667 (1) (572 SE2d 34) (2002) (any cause of action averred against a municipal police officer in his official capacity is in reality a suit against the municipality).

the City and Turner are not entitled to sovereign immunity. The trial court agreed, and denied the motion to dismiss.

"The trial court's ruling on the motion to dismiss on sovereign immunity grounds is reviewed de novo, while factual findings are sustained if there is evidence supporting them."[6]

Under OCGA § 36-33-1 (b): "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." In other words, "[m]unicipalities are not liable for negligence in the performance of [their] governmental, as opposed to their ministerial[,] functions," but "sovereign immunity of municipal corporations is waived when the[] [municipal corporations] negligently perform ministerial duties."[7] A governmental function has been characterized as one which "involves the exercise of deliberate

---

[6] *Coosa Valley Tech. College v. West*, 299 Ga. App. 171, 172 (682 SE2d 187) (2009) (citation and punctuation omitted).

[7] *Naraine v. City of Atlanta*, 306 Ga. App. 561, 562 (1) (a) (703 SE2d 31) (2010) (citation and punctuation omitted); *Cantrell v. Thurman*, 231 Ga. App. 510, 514 (4) (499 SE2d 416) (1998).

4

judgment and wide discretion."[8] "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty."[9]

A government unit's function of providing adequate medical care for inmates under its custody has been held to be ministerial in nature. In *Cantrell v. Thurman*,[10] this court concluded:

> Providing adequate medical attention for inmates under defendants' custody and control is a ministerial act by the sheriff and his or her deputies and does not involve the exercise of discretion to provide medical care, because medical care is a fundamental right and is not discretionary . . .; thus, such act is *not* subject to either sovereign immunity or official immunity.[11]

---

[8] *Rogers v. City of Atlanta*, 61 Ga. App. 444, 446 (6 SE2d 144) (1939).

[9] *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990) (using said definition to determine that a county that had engaged in the physical execution of the work of opening, closing, or repairing a street was discharging ministerial duties, though the county's decision regarding when a street should be opened, closed or repaired was exercising legislative or judicial functions) (citation and punctuation omitted); see generally *Common Cause of Ga.*, supra at 482-483 (2).

[10] Supra.

[11] *Cantrell*, supra (citing OCGA § 42-4-4 (a) (2), pertinently providing that the sheriff shall provide persons confined in the jail with medical aid, and OCGA § 42-5-2 (a), infra; see *Macon-Bibb County Hospital Auth. v. Houston County*, 207 Ga. App. 530, 532 (3) (428 SE2d 374) (1993) (rejecting county's claim that it was immune to

Although *Cantrell* involved a *sheriff's* duty to furnish medical aid to persons confined in the jail,[12] the responsibility to furnish needed medical attention to an inmate in custody is not limited to sheriffs; "it is the responsibility of the government unit, subdivision or agency having custody of an inmate to . . . furnish[] him . . . any

---

suit for payment of inmate's medical care costs, holding that "[t]he county's immunity was waived by the legislature's enactment of OCGA § 42-5-2, and its responsibility to pay all medical and hospital expenses may not be avoided by the defense of sovereign immunity."). Compare *Gish v. Thomas*, 302 Ga. App. 854, 862-864 (4) (691 SE2d 900) (2010) (holding that OCGA § 42-5-2 does not contain a waiver of sovereign immunity for claims brought pursuant to OCGA § 42-5-2; the court did not examine whether OCGA § 36-33-1 contains a waiver of sovereign immunity or whether a municipal corporation's duty to provide medical care to an inmate is a ministerial duty within the meaning of OCGA § 36-33-1).

[12] See *Cantrell*, supra.

needed medical and hospital attention."[13]  As the Georgia Supreme Court recognized in *Murphy v. Bajjani*,[14]

> The United States Supreme Court has ruled that the [U. S.] Constitution imposes upon the State affirmative duties of care and protection [including medical care] with respect to particular individuals . . . when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself.[15]

Thus, the provision of medical care to inmates in the City's and Turner's custody was a ministerial act and, because it was a ministerial act, sovereign immunity was waived pursuant to OCGA § 36-33-1 (b).

---

[13] OCGA § 42-5-2 (a) (also pertinently providing that it is the responsibility of the governmental unit having physical custody of the inmate to bear the costs of such medical care); see generally *Johnson v. City of Carrollton*, 249 Ga. 173, 177 (4) (288 SE2d 565) (1982) (applying OCGA § 42-5-2 (a) [former Ga. Code Ann. § 77-309 (e)], it was the city's responsibility to pay medical expenses for an inmate in its custody); *Cherokee County v. N. Cobb Surgical Assoc.*, 221 Ga. App. 496, 498-499 (2) (c) (471 SE2d 561) (1996) (affirming grant of summary judgment to medical service provider in suit against county to recover payment for medical services provided to an inmate; court noted that a sheriff owes a prisoner in his custody a duty to render necessary medical aid, and that the legislature intended that government entities should pay for medical expenses incurred by inmates in their custody).

[14] 282 Ga. 197 (647 SE2d 54) (2007).

[15] Id. at 202 (3) (citation and punctuation omitted).

The City and Turner assert that *Cantrell* is inapposite because that case involved a federal claim brought pursuant to 42 USC § 1983, while the instant case does not. The assertion is without merit, because *Cantrell* involved not only a federal claim, but negligence claims based on state law; the court's discussion of the provision of adequate medical care in that case concerned state law.[16]

The City and Turner also contend that the duty to provide medical care in this case was not ministerial because "[m]inisterial or proprietary functions are performed in the municipality's private character and for public business purposes,"[17] that "the term ministerial means proprietary," and that "what is significant is whether the character of the enterprise is 'primarily a source of revenue,' rather than being used

---

[16] See OCGA § 36-33-1 (b); *Cantrell*, supra at 513-514 (3, 4); *Macon-Bibb County Hosp. Auth.*, supra.

[17] For this principle, they cite *Mayor & Aldermen of Savannah v. Jordan*, 142 Ga. 409, 410-411 (83 SE 109) (1914) (in case against city for employee's injuries resulting from a defect in cart he was using to clean streets: "where the municipality undertakes to perform for the State duties which the State itself might perform, but which have been delegated to the municipality, -- such, for instance, as devolve upon the board of health of a city under its charter, for the protection of life and health and comfort of the community, -- and in the exercise of such function . . . a private citizen is injured by the negligence of the servants of the department . . ., no cause of action arises against such municipality. . . . On the other hand, a municipality is civilly liable for damages arising for neglect to perform . . . acts . . . in its private character for business purposes, and for its own advantage or profit, although such act may enure to the ultimate benefit of [t]he citizen.") (citations and punctuation omitted).

8

primarily for the benefit of the public." But our courts do not define "ministerial" so narrowly; indeed, we do not always employ a revenue-based analysis in determining whether an act is ministerial.[18] Notably, the authorities upon which the City and Turner rely as support for their revenue-based analysis did not involve the provision of medical attention to inmates under the custody and control of a governmental entity.[19]

_____

[18] See, e.g., *Joyce*, supra; *Naraine*, supra at 563 (1) (b) (municipalities generally have a ministerial duty to keep their streets in repair); *Roquemore v. City of Forsyth*, 274 Ga. App. 420, 422-423 (617 SE2d 644) (2005) (while a city's decision regarding whether to provide lighting on a particular city street is a discretionary function, a city's failure to repair or maintain a malfunctioning streetlight is a ministerial duty, for which there is liability after actual or constructive notice); *Mayor & Aldermen of Savannah*, supra at 414 (finding that the city's duty to keep streets clean was a governmental function because clearing streets of contaminants that bred disease and imperiled public health concerned the entire public). And see generally *Common Cause of Ga.*, supra at 482; *Cantrell*, supra at 514 (4).

[19] See *Mayor & Aldermen of Savannah*, supra; *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835-837 (2) (424 SE2d 19) (1992) (reversing grant of summary judgment to plaintiffs on municipal immunity defense where the plaintiffs failed to produce evidence that the city's garbage collection service functioned primarily as a source of revenue and thus came within an exception to the general rule of municipal immunity for negligence resulting from the collection of garbage); and *City of Gainesville v. Pritchett*, 129 Ga. App. 475, 476 (1) (199 SE2d 889) (1973) (affirming trial court's denial of summary judgment to city in nuisance action involving a ski jump; noting that the distinction between governmental and ministerial duties was inapplicable to nuisance claims).

The trial court did not err by denying the City's and Turner's motion to dismiss for failure to state a claim based on sovereign immunity.[20]

*Judgment affirmed. Ellington, P. J., concurs. Branch, J., concurs specially.*

---

[20] See *Cantrell*, supra; see generally *Walker*, supra at 378.

A13A0912.  CITY OF ATLANTA v. MITCHAM.

BRANCH, Judge, concurring specially.

Although I agree with the majority that the trial court correctly denied the motion to dismiss at this stage of the proceedings, I concur in the judgment only because I disagree with the reasoning of the majority opinion.

As the Supreme Court of Georgia has recently reiterated, municipalities are protected by sovereign immunity unless that immunity is specifically waived by statute:

> Sovereign immunity applies to municipalities, unless the General Assembly waives it by law. Ga. Const. of 1983, Art. IX, Sec. II, Para. IX. Waiver of a municipality's sovereign immunity in tort law is narrow, and only the General Assembly has the authority to enact a law that specifically provides for such a waiver. Any waiver of sovereign immunity is solely a matter of legislative grace. There is no authority for a waiver of sovereign immunity beyond the legislative scheme.

(Citations omitted.) *Owens v. City of Greenville*, 290 Ga. 557, 559-560 (3) (722 SE2d 755) (2012), quoting *Godfrey v. Ga. Interlocal Risk Mgmt. Agency* 290 Ga. 211, 214 (719 SE2d 412) (2011).[1] OCGA § 36-33-1 (b) includes such a waiver as to municipalities, but it is limited:

> Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable.

This Code section has been consistently interpreted to mean that "[a] municipality is immune from liability for the negligent performance of its governmental duties, but may be held liable for negligence in the performance of its ministerial duties." (Citations omitted.) *Sinkfield v. Pike*, 201 Ga. App. 652, 653 (411 SE2d 889) (1991); *City of Savannah v. Jones*, 149 Ga. 139 (1) (99 SE 294) (1919) (same).

---

[1] The above law also applies to municipal officials acting in their official capacity. See *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity.") (punctuation and footnote omitted). See also *Conley v. Dawson*, 257 Ga. App. 665, 667 (1) (572 SE2d 34) (2002) (suit against municipal officer acting in his official capacity is a suit against the municipality).

2

The question here is whether providing medical services to a detainee is a governmental duty or a ministerial duty of the city. It has been explained that "[a] municipal corporation in the exercise of its corporate functions performs two classes of service: (1) Governmental duties; and (2) private, corporate, or ministerial, duties." *City of Savannah v. Jones*, 149 Ga. 139 (99 SE 294) (1919). An earlier Supreme Court case provides a discussion of the difference between the two classes of service.[2]

[2] A municipal corporation has a dual character, the one public and the other private, and exercises correspondingly twofold functions, the one governmental and legislative, and the other private and ministerial. In its public character, it acts as an agency of the state to enable it the better to govern that portion of its people residing within the municipality, and to this end there is granted to or imposed upon it by the charter of its creation powers and duties to be exercised and performed exclusively for public, governmental purposes. These powers are legislative and discretionary, and the municipality is exempt from liability for an injury resulting from the failure to exercise them or from their improper or negligent exercise. In its corporate and private character there is granted unto it privileges and powers to be exercised for its private advantage, which are for public purposes in no other sense than that the public derives a common benefit from the proper discharge of the duties imposed or

3

It has been held that "[t]he operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function of the municipality as opposed to a ministerial, proprietary, or administratively routine function." (Citations omitted.) *McDay v. City of Atlanta*, 204 Ga. App. 621 (1) (420 SE2d 75) (1992). But, as pointed out by the majority, in a case involving counties (as opposed to municipalities), it has been held that providing medical care to persons in governmental custody is a ministerial act. See, e.g., *Cantrell v. Thurman*, 231 Ga. App. 510 (499 SE2d 416) (1998) (the provision of adequate medical care by a county sheriff "is a ministerial act. . . [that] does not

assumed in consideration of the privileges and powers conferred. This latter class of powers and duties are not discretionary, but ministerial and absolute; and for an injury resulting from negligence in their exercise or performance, the municipality is liable in a civil action for damages in the same manner as an individual or a private corporation. The line of distinction is clearly drawn by the courts and text-writers, and the exemption of the municipality from liability in the one case, and its liability in the other for an injury resulting from negligence, firmly established.

*City of Savannah v. Jordan*, 142 Ga. 409 (83 SE 109) (1914).

4

involve the exercise of discretion."). But see *Graham v. Cobb County*, 316 Ga. App. 738, 742 (1) (b) (i) (730 SE2d 439) (2012) (trial court correctly determined that the state law claims against county for failure to provide adequate medical care to a detainee were barred by sovereign immunity).

Moreover, *Cantrell* is distinguishable because questions of sovereign immunity and its waiver for municipalities and counties are based on different provisions of the Georgia Constitution and different statutes; and other cases cited by the majority blur the distinction between the meaning of "ministerial duties" as pertinent to sovereign immunity and "ministerial acts" as pertinent to official immunity.[3] Also, an argument could be made and discovery may show that a municipal police department is engaged in governmental actions when it provides health care to detainees, in part because it is required to do so by OCGA § 42-5-2 (a).[4]

---

[3] Importantly, the term "ministerial duties" as found in OCGA § 36-33-1 (b) should not be confused with the distinction between whether a municipal employee's negligent act was "ministerial" or discretionary for purposes of *official immunity*. See *Sinkfield v. Pike*, 201 Ga. App. 652, 653 (3) (411 SE2d 889) (1991). Thus, this Court in *Sinkfield* made clear that when a city is engaged in a governmental function, "the city is immune from any liability for [the employee's] actions regardless of whether his actions were discretionary or ministerial and even if he was negligent." Id.

[4] OCGA § 42-5-2 (a) provides, in relevant part, that "it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any

5

Here, the majority opinion fails to provide clarity regarding the distinctions raised above. I therefore concur in the judgment only.



needed medical and hospital attention."