**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2014**

# In the Court of Appeals of Georgia

A14A0724. CITY OF HAPEVILLE et al. v. GRADY MEMORIAL    DO-038
    HOSPITAL CORPORATION.

DOYLE, Presiding Judge.

Grady Memorial Hospital Corporation, d/b/a Grady Health System ("the Hospital") filed a complaint against the City of Hapeville and the Police Department of the City of Hapeville (collectively "the City"), alleging that the City failed to pay for medical services provided by the hospital to four prisoners in the custody of the City.[1] The City responded, arguing that it was immune from suit. The trial court found that pursuant to *Cherokee County v. North Cobb Surgical Assoc. P.C.*,[2] the City had

---

[1] Based on the procedural posture of this case, we assume that there is no genuine issue as to whether the City had custody of the prisoners at the time the hospital rendered treatment.

[2] 221 Ga. App. 496 (471 SE2d 561) (1996) (addressing whether an inmate was in custody such that the County was liable for his medical expenses under OCGA §

waived sovereign immunity based on OCGA § 42-5-2.[3] For the reasons that follow, we affirm.

The brief record before us reveals that the City transported four prisoners to the Hospital for treatment. The Hospital now seeks payment from the City in the amount of $81,694.74 for the cost of the services rendered to those prisoners. The City filed a motion to dismiss, arguing, inter alia, that it was immune from suit. In denying the City's motion to dismiss, the trial court found that the Hospital "is suing for payment of services rendered. This puts the instant case in line with *Cherokee County v. North Cobb Surgical Assoc. P.C.*, and removes the matter from sovereign immunity analysis. Alternatively, the legislature has waived the [City's] sovereign immunity by statute." The City appeals this ruling, arguing that the trial court erred by finding that it was not immune from suit. We review this ruling under the de novo standard of review.[4]

---

45-5-2), citing *Macon-Bibb County Hosp. Auth. v. Houston County*, 207 Ga. App. 530, 532 (428 SE2d 374) (1993). But see *Nolan v. Cobb County*, 141 Ga. 385 (81 SE 124) (1914).

[3] See *Macon-Bibb County Hosp. Auth.*, 207 Ga. App. at 532 (3).

[4] See *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 596 (2) (755 SE2d 184) (2014); *City of Atlanta v. Mitcham*, 325 Ga. App. 481, 483 (751 SE2d 598) (2013) (physical precedent only), cert. granted May

1. The Hospital maintains that the trial court correctly determined that OCGA § 42-5-2 provides a waiver of sovereign immunity in this case, which allows it to pursue its claims that the City has breached a duty to pay for the medical services rendered to the prisoners by the Hospital.

OCGA § 42-5-2 (a) states that

[e]xcept as provided in subsection (b) of this Code section, it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital attention; to defend any habeas corpus or other proceedings instituted by or on behalf of the inmate; and to bear all expenses relative to any escape and recapture, including the expenses of extradition. Except as provided in subsection (b) of this Code section, it shall be the responsibility of the department to bear the costs of any reasonable and necessary emergency medical and hospital care which is provided to any inmate after the receipt by the department of the notice provided by subsection (a) of Code Section 42-5-50 who is in the physical custody of any other political subdivision or governmental agency of this state, except a county correctional institution, if the inmate is available and eligible for the transfer of his custody to the department pursuant to Code Section 42-5-50. Except as provided in subsection (b) of this Code section, the department shall also bear the costs of any reasonable and

19, 2014.

necessary follow-up medical or hospital care rendered to any such inmate as a result of the initial emergency care and treatment of the inmate. With respect to state inmates housed in county correctional institutions, the department shall bear the costs of direct medical services required for emergency medical conditions posing an immediate threat to life or limb if the inmate cannot be placed in a state institution for the receipt of this care. The responsibility for payment will commence when the costs for direct medical services exceed an amount specified by rules and regulations of the Board of Corrections. The department will pay only the balance in excess of the specified amount. Except as provided in subsection (b) of this Code section, it shall remain the responsibility of the governmental unit having the physical custody of an inmate to bear the costs of such medical and hospital care, if the custody of the inmate has been transferred from the department pursuant to any order of any court within this state. The department shall have the authority to promulgate rules and regulations relative to payment of such medical and hospital costs by the department.

In *Macon-Bibb Co.*, this Court summarily determined that OCGA § 42-5-2 constituted an express waiver of sovereign immunity by the State.[5] This Court held, "[t]he county's immunity was waived by the legislature's enactment of OCGA § 42-5-2, and its responsibility to pay all medical and hospital expenses may not be

---

[5] See *Macon-Bibb County Hosp. Auth.*, 207 Ga. App. at 532 (3).

4

avoided by the defense of sovereign immunity."[6] No further explanation of what part of OCGA § 42-5-2 acts as an "express" waiver of sovereign immunity appears in the opinion.

The interpretations of this Code section, however, vary throughout our case law depending on whether the party seeking to establish a waiver is an inmate or a medical provider.[7] In cases involving an inmate's claim against the State or its subdivision for failure to provide medical care, this Court has taken the view contrary to *Macon-Bibb Co*. and held that OCGA § 42-5-2 did not constitute an express waiver in such cases.[8]

As recently explained by the Supreme Court in *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*,[9] if the plain language of a statute "does not

---

[6] Id.

[7] See *Mitcham*, 325 Ga. App. at 483; *Graham v. Cobb County*, 316 Ga. App. 738, 742 (1) (b) (i) (730 SE2d 439) (2012); *Gish v. Thomas*, 302 Ga. App. 854, 862-864 (4) (691 SE2d 900) (2010); *Cantrell v. Thurman*, 231 Ga. App. 510, 513-514 (3) & (4) (499 SE2d 416) (1998); *Macon-Bibb County Hosp. Auth.*, 207 Ga. App. at 532 (3).

[8] See *Mitcham*, 325 Ga. App. at 483; *Graham*, 316 Ga. App. at 742 (1) (b) (i); *Gish*, 302 Ga. App. at 862-864 (4); *Cantrell*, 231 Ga. App. at 513-514 (3) & (4).

[9] 294 Ga. at 603 (2).

provide for a specific waiver of governmental immunity nor the extent of such waiver, . . . no waiver can be implied or shown."[10] That is not to say that an act must

> use the phrase, 'the [S]tate waives its sovereign immunity' [in order for an express waiver to occur. If] a legislative act creates a right of action against the [S]tate which can result in a money judgment against the [S]tate treasury, and the [S]tate otherwise would have enjoyed sovereign immunity from the cause of action, the legislative act must be considered a waiver of the [S]tate's sovereign immunity to the extent of the right of action — or the legislative act would have no meaning.[11]

Thus, the Court in *Macon-Bibb Co.* determined that the Legislature's enactment of OCGA § 42-5-2 containing the requirement that a county or the Department of Corrections reimburse a medical provider created a right to a money judgment on behalf of the medical provider, thereby waiving sovereign immunity. This Court has, on the other hand, determined that such a right of action was not created by the Legislature's enactment of the statute when it deals with claims by inmates against prison officials for failure to provide medical care.[12] Moreover, had

---

[10] Id. at 603, construing OCGA § 12-5-245.

[11] *Williamson v. Dept. of Human Resources*, 258 Ga. App. 113, 115 (1) (572 SE2d 678) (2002).

[12] We note that prisoners may maintain actions for this type of claim via 28 U.S.C. § 1983 for violations of the Eighth Amendment Right to medical care. See

6

the Legislature disagreed with or desired to clarify the conclusion of this Court regarding the waiver of sovereign immunity by OCGA § 42-5-2 as stated in *Macon-Bibb County*, it could have done so in its overhaul of OCGA § 42-5-50 et seq., which occurred in 2009.[13]

2. Our inquiry is not at an end, however, because the City is a municipality, and therefore, treated differently in terms of immunity than other subdivisions, departments, or agencies of the State.[14] Generally speaking, "State law relating to the sovereign immunity of municipalities is codified in OCGA § 36-33-1 et seq."[15] And

---

*Gish*, 302 Ga. App. at 863 n. 10.

[13] See Ga. L. 2009, p. 136, § 1A/HB 464. See, e.g., OCGA § 42-4-105 codifying immunity for regional jail authorities.

[14] See also Ga. Const. of 1983, Art. IX, Sec. II, Par. IX, "[t]he General Assembly may waive the immunity of counties, municipalities, and school districts." See *City of Thomaston v. Bridges*, 264 Ga. 4, 7 (439 SE2d 906) (1994) (holding that under the 1991 amendment to Ga. Const. of 1983, Art. I, Sec. II, Par. IX municipalities *are not* the State or its departments and agencies).

[15] *Precise*, 261 Ga. at 211 (1). Generally, municipal immunity under OCGA § 36-33-1 provides a waiver of sovereign immunity if the municipal corporation neglects to perform or improperly or unskillfully performs a ministerial duty, i.e., a proprietary rather than governmental function. See *Mitcham*, 325 Ga. App. at 483.

a review of case law has revealed no case directly determining that the waiver found in OCGA § 42-5-2 for counties and the State also applies to municipal corporations.[16]

Looking to the Code, Chapter 5 of Title 42 addresses "Correctional Institutions of State and Counties," while Chapter 4 of Title 42 addresses "Jails" and specifically includes the police chief of a municipal corporation in its defined list of jailers.[17] And OCGA § 42-4-1 et seq. contains a separate section addressing medical charges for emergency medical care services provided to inmates by medical facilities, and this subsection includes "municipal and county jail" in its definition, thereby making some provisions contained in OCGA § 42-5-2 redundant as applied to municipal corporations when read together with Title 42 Chapter 4.[18] Moreover, the Chapter

---

[16] See *Mitcham*, 325 Ga. App. at 483; *Johnson v. City of Carrollton*, 249 Ga. 173, 177 (4) (288 SE2d 565) (1982) (in dicta stating that the former version of OCGA § 42-5-2 made it the responsibility of a city to pay all medical and hospital expenses for a prisoner).

[17] See OCGA § 42-4-1 (b). OCGA § 42-5-1 et seq., on the otherhand, generally defines the State actors as the Department of Corrections or county facilities acting on behalf of the Department and does not specifically include municipal corporations in most subsections.

[18] See OCGA § 42-4-15 (a) (2).

contains a separate section imposing requirements for municipal jails regarding sanitation, health requirements, and medical treatment generally.[19]

Nevertheless, while there seems to be some distinction made by the Legislature in its treatment of municipal jailers and county jailers, OCGA § 42-5-2 (b) specifically covers inmates to whom OCGA § 42-4-1 et seq. applies, thereby including inmates held by municipal corporations. Accordingly, we conclude that the waiver of sovereign immunity as to medical providers alleging claims against county or State jailers as stated in *Macon-Bibb County* also applies to municipal jailers, and therefore, we affirm the trial court's denial of summary judgment based on our determination that the Legislature included municipal corporations in its waiver of sovereign immunity pursuant to OCGA § 42-5-2.[20]

3. The Hospital's motion for attorney fees on the basis that the City instituted a frivolous appeal is hereby denied.

*Judgment affirmed. Miller, J. concurs. Dillard, J., concurs in the judgment only.*

---

[19] See OCGA § 42-4-32.

[20] "[W]e will affirm a trial court's denial of a motion for summary judgment if it is right for any reason." *Lowry v. Cochran*, 305 Ga. App. 240, 241 (699 SE2d 325) (2010).

A14A0724. CITY OF HAPEVILLE et al. v. GRADY MEMORIAL

HOSPITAL CORPORATION.


DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As such, the majority's opinion decides only the issues presented in the case sub judice and may not be cited as binding precedent. See Court of Appeals Rule 33(a).