**FOURTH DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 26, 2016**

# In the Court of Appeals of Georgia

A14A0724. CITY OF HAPEVILLE et al. v. GRADY MEMORIAL   DO-038
    HOSPITAL CORP.

DOYLE, Chief Judge.

In *City of Hapeville v. Grady Mem. Hosp. Corp.*,[1] this Court considered whether OCGA § 42-5-2 constituted a statutory waiver of municipal immunity in cases in which a health care provider seeks compensation from a municipality for medical services rendered by the provider to an inmate in the municipality's custody at the time of service.

As we explained in that opinion,

---

[1] 328 Ga. App. 332 (761 SE2d 871) (2014) (physical precedent only) ("*City of Hapeville I*").

[this] Court in *Macon-Bibb County* [*Hosp. Auth. v. Houston County*,[2]] determined that the Legislature's enactment of OCGA § 42-5-2 containing the requirement that a county or the Department of Corrections reimburse a medical provider created a right to a money judgment on behalf of the medical provider, thereby waiving sovereign immunity.[3] . . . [And] while there seems to be some distinction made by the Legislature in its treatment of municipal jailers and county jailers, OCGA § 42-5-2 (b) specifically covers inmates to whom OCGA § 42-4-1 et seq. applies, thereby including inmates held by municipal corporations.[4]

Based on our analysis of the statutory scheme, we determined

that the waiver of sovereign immunity as to medical providers alleging claims against county or State jailers as stated in *Macon-Bibb County* also applie[d] to municipal jailers, and therefore, we affirm[ed] the trial court's denial of summary judgment based on our determination that the Legislature included municipal corporations in its waiver of sovereign immunity pursuant to OCGA § 42-5-2.[5]

---

[2] 221 Ga. App. 496 (471 SE2d 461) (1996).

[3] *City of Hapeville I*, 328 Ga. App. at 335 (1).

[4] Id. at 335 (2).

[5] Id. at 336-337 (2).

Thereafter, the City of Hapeville filed a petition for certiorari with the Supreme Court of Georgia, which that Court granted.[6] In the meantime, the Supreme Court issued its opinion in *City of Atlanta v. Mitcham*.[7] In *Mitcham*, the Supreme Court addressed municipal immunity from suit under OCGA § 36-33-1 (b) in cases involving inmates' alleged claims of failure to provide adequate medical care. In reversing this Court's opinion holding that the municipality had waived sovereign immunity,[8] the Supreme Court explained that this Court had applied the incorrect analysis and instead should have determined whether the duty to provide medical care to inmates was a governmental function or a ministerial function.[9]

After *Mitcham*, the Supreme Court remanded this case for consideration in light of their decision. We note that in this case, neither the parties nor the trial court addressed the City's defense of immunity under the rubric of OCGA § 36-33-1.

---

[6] See *City of Hapeville v. Grady Mem. Hosp. Corp.* (Case No. S14C1764; decided Feb. 16, 2015).

[7] 296 Ga. 576 (769 SE2d 320) (2015).

[8] See *City of Atlanta v. Mitcham*, 325 Ga. App. 481 (751 SE2d 598) (2013) (physical precedent only), rev'd by *Mitcham*, 296 Ga. at 576.

[9] See *Mitcham*, 296 Ga. at 579-582 (2).

Accordingly, we vacate our opinion in *City of Hapeville I*, and we remand the case to the trial court for further proceedings in light of *Mitcham*.

*Judgment remanded. Miller, P. J. and Dillard, J., concur.*